KELLEY v. MASON.

The R. S. 1843 authorized the service of a summons by leaving a copy at the defendant's usual place of residence.

The statute did not contemplate that the seal should be copied.

The date is not a material part of a summons.

A defendant served with a summons by leaving a copy at his residence, cannot obtain a continuance simply because he was absent when the copy was left, and received no notice of the suit till the day before the commencement of the Court.

*Saturday,
December* 31.

ERROR to the *Ripley* Circuit Court.

DAVISON, J.—This was an action of debt by *Mason* against *Kelley*, upon a promissory note. The record shows that the defendant below, without appearing in the cause, moved the Court for a continuance. In support of the motion he filed his affidavit, stating, *inter alia*, that the summons in the case was issued on the 24th of *March*, 1852, upon which the sheriff made return that he had "served it by leaving a copy thereof at the defendant's usual place of residence." The term of the Court to which said writ was returnable, commenced on the 19th of *April*, 1852. The defendant, at the time said copy was left, was at *Cincinnati, Ohio*, and did not return to his residence until the 17th of said month; nor had he any notice whatever of said copy until the day after his return. The affidavit points out a variance between the writ issued by the clerk and the copy left by the sheriff. The writ is dated *March* 24, 1852, while the copy purports to bear date *April* 9, 1852. The writ has the seal of the Court, but the copy presents no appearance of a seal. The record further shows that the plaintiff admitted the facts set forth in the affidavit, and that the Court overruled the motion for a continuance of the cause, and gave judgment for the plaintiff.

This motion was properly overruled. The service of the summons by leaving a copy at the defendant's usual place of residence, was in accordance with the statute. R. S. 1843, c. 40, s. 23. There is nothing in the variance

between the writ and the copy.   The date is not a mate- <span style="float:right">Nov. Term,<br>1853.</span>
rial part of the writ, nor does the statute intend that the
seal should be copied.   The fact that the defendant was REYNOLDS
absent and not actually notified of the suit until one day STEVENSON.
prior to the commencement of the  Court, was not, alone,
sufficient cause for a continuance.   Had he set up a valid
defence to the action, and shown that he was unprepared
for trial, his motion might have been sustained.   *Pendle-*
*ton* v. *Vanausdal*, 2 Ind. R. 54.—*Conwell* v. *Atwood, id.* 289.

   *Per  Curiam.*—The judgment is affirmed, with 6 per
cent. damages and costs.

   *J. Robinson,* for the plaintiff.
   *A. W. Hubbard,* for the defendant.