## HUGHES *v.* OSBORN.

SUMMONS.—*Service by Copy.*—*Seal.*—When service of summons is made by leaving a copy at the last or usual place of residence, it is not necessary that the seal should be copied.

SAME.—*Motion to Set Aside.*—A summons will not be set aside because it requires the defendant to appear "in the Court of Common Pleas of Monroe County," and the complaint is entitled, " Common Pleas Court, Monroe County."

COSTS.—*Security for.*—*Non-resident.*—An action commenced by a non-resident will not be dismissed for want of security for costs, if the plaintiff, upon being ordered to do so, files an undertaking for the same.

ATTORNEY.—*Authority to Appear.*—If an attorney, who is ruled to produce his authority to bring a suit, files the affidavit of the plaintiff's agent that he was directed by the plaintiff to cause suit to be brought, and that he employed said attorney in pursuance of such direction, the showing of authority is sufficient.

INTEREST.—It is not a violation of the law relating to interest to compute the interest on an existing note and include it in a new note given for the debt.

PRACTICE.—*Interrogatories to Party.*—Where interrogatories have been filed and ordered to be answered, and afterward such order has been set aside by the court, the reason for setting it aside not being shown, this court will presume that the ruling was right.

APPEAL from the Monroe Common Pleas.

DOWNEY, J.—This action was by the appellee, as payee, against the appellant, as the maker of a promissory note. There was a motion to set aside the service of the process, a motion to quash the writ, a motion to dismiss the action, a motion to compel counsel for the appellant to produce and show his authority for appearing, a demurrer to the complaint, an answer in three paragraphs : first, the general denial ; second, no consideration for the note ; third, usury ; demurrer sustained to the third paragraph of the answer, reply to the second, trial by jury, verdict for the plaintiff, motion by the defendant for a new trial overruled, and judgment for the plaintiff.

The several rulings of the court with reference to these matters, and with reference to an answer to certain interrogatories which were filed, have been assigned as errors.

The motion to set aside the service was based upon the ground that the same was by copy of the summons left at the usual or last place of residence of the defendant, and that the copy did not show in any manner that the original thereof was sealed with the seal of the court.

The sheriff is not the keeper of the seal of the court, nor authorized to affix it to writs or the copies thereof. It could hardly have been anticipated by the legislature, when the sheriff was authorized to serve by leaving a copy of the writ, that he should attempt to copy the seal. It was held under the statute of 1843, and we think may well be held under the present statute, that the seal need not be copied. *Kelley* v. *Mason*, 4 Ind. 618. See, also, 2 G. & H. 63, sec. 37.

The motion to set aside the summons was for the reason that it required the defendant to appear in a different court from that in which the complaint was entitled. The complaint is entitled "Common Pleas Court, Monroe County, Aug. term, 1871." The summons required the defendant to appear "in the Court of Common Pleas of Monroe County, before the judge thereof," etc. We are unable to see any thing in this objection.

The motion to dismiss the action was based on the ground, that the plaintiff had not before the commencement thereof given security for the costs, he being a non-resident of the State. When the motion to dismiss was filed, accompanied with an affidavit of the non-residence of the plaintiff, he immediately gave the undertaking for the payment of costs in the usual form. The statute on the subject provides that the suit shall not be dismissed for want of the security, if the plaintiff will file, in open court, upon being ordered to do so, such undertaking. 2 G. & H. 228, sec. 402.

Upon affidavit filed by the defendant, the counsel of plaintiff was ruled to produce and show his authority for bringing and prosecuting the action. This he did by filing the affidavit of one Allen, who made oath that he was the agent of the plaintiff to collect the debt, that he was directed by the plaintiff to cause suit to be brought for its

collection, and that in pursuance of such authority and direction he had employed the counsel who had brought and was prosecuting the action. It seems to us that there is no good ground to complain of this action of the court. The showing was sufficient.

The next alleged error is the overruling of the defendant's demurrer to the complaint. No particular objection to the complaint is pointed out, and it seems to us to be sufficient.

The sustaining of the plaintiff's demurrer to the third paragraph of the answer is the next error of which complaint is made. The paragraph of the answer alleges in substance that the note on which the suit is brought was given in payment of an open account and a certain other note assigned by one Smith to the plaintiff; that interest on said assigned note was computed to the date of the note sued on, and that the same was included with the principal of the said note and with the account, in the note sued on, thereby, as alleged, making the same usurious by compounding the interest; wherefore, etc. It is not a violation of the law against taking or contracting for illegal interest to compute the interest on a note, and either receive the amount, or include it in a new note given for the debt.

The defendant filed with his answer certain interrogatories for the plaintiff to answer, and the court made an order that the plaintiff should answer the same. Afterward the court set aside the order, but for what reason the bill of exceptions does not show. Most probably it was for want of the affidavit required by the statute, that the defendant expected to elicit facts by the answers material to him on the trial, etc. 2 G. & H. 189, sec. 303. We must presume, in the absence of the grounds on which the court acted, that the action was proper.

The last error assigned is, that the court improperly refused to grant a new trial on the motion of the defendant. The evidence is not in the record, nor is there any ques-

tion properly presented arising under the motion for a new trial.

We have thus examined all the alleged errors, and are clearly of the opinion that there is no error in the record.

The judgment is affirmed, with ten per cent. damages and costs.

*A. Ryors, W. R. Harrison,* and *W. S. Shirley,* for appellant.

*F. H. Louden,* for appellee.