Frank v. Caruthers.

*John M. Wood,* Attorney General, for the State.

FRANK, *Appellant,* v. CARUTHERS.

DIVISION ONE.

1. **Tax Sale:** PURCHASE BY OWNER : ESTOPPEL.   Where a person conveyed to his children, by general warranty, land on which he had suffered the taxes to remain unpaid, and afterwards the land was sold for taxes, and was subsequently conveyed to him by the purchaser at the tax sale, such repurchase was but a payment of the taxes and an extinguishment of the tax title.

2. —— : —— : VOLUNTARY DEED.   Those claiming under a mortgage made by the father, after the sale to satisfy the taxes, cannot, in ejectment against the lessee of the children, attack the deed to the children on the ground that it was a voluntary one.

3. **Fraudulent Conveyance:** VOLUNTARY DEED. A voluntary conveyance, although the grantor is embarrassed at the time of its execution is not fraudulent *per se* as to subsequent creditors. The fact, whether or not it is fraudulent, is to be determined from all the circumstances.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*Frank, Dawson & Garvin* with *McReynolds & Halliburton* for appellant.

(1) The trial court erred in applying to this case section 8835, Revised Statutes, 1889, providing that title acquired by a grantor after conveyance inures to the grantee. At the time W. J. Swindle conveyed to his children, he did have the legal estate; the unpaid tax was an incumbrance merely. Tiedeman on Real Property, secs. 852, 727, 729, 710; *Blondeau v. Sheridan*, 81 Mo. 545. (2) The evidence tended to show, *first*, that the deed of September 5, 1877, was purely voluntary and that the grantees never paid one cent or gave any valuable thing therefor; *second*, that it is not only voluntary, but that it was colorable merely, and that the parties to it never regarded it as a *bona fide* conveyance or as transferring the title from the grantor to the grantees, but that the grantees still regarded W. J. Swindle as the owner thereof, and permitted him to deal with it as owner.

*Thomas & Hackney* for respondent.

(1) W. J. Swindle being the owner of and in possession of the land in controversy at the time the taxes for the years 1874 and 1876 accrued, it was his duty to pay them; and after having made his warranty deed, by which he covenanted against these very taxes, he could not, in the face of his covenants, be suffered

to build up a title on his own neglect of duty. Cooley on Taxation, pp. 345–7; 2 Desty on Taxation, pp. 929, 930, 931, and cases cited; *Davis v. Campau*, 24 Mich. 360; *Bertram v. Cook*, 32 Mich. 518; *Ins. Co. v. Butte*, 45 Mich. 113; *O'Halloran v. Fitzgerald*, 71 Ill. 53; *Carithers v. Weaver*, 7 Kan. 110; *Chambers v. Wilson*, 2 Watts, 495. He could acquire no title by a purchase at the tax sale himself, or through any other person who might purchase at such sale and make a conveyance to him. 2 Desty on Taxation, 929, and cases cited. Such purchase operated as an extinguishment of the tax, or as a redemption. Cooley on Tax., p. 347; *Foley v. Kirk*, 33 N. J. Eq. 171; *Williamson v. Russell*, 18 W. Va. 613. This doctrine is recognized by this court in *Atkinson v. Dixon*, 89 Mo. 464. (2) By the terms of his warranty deed, W. J. Swindle, grantor, undertook to convey to the grantees an indefeasible estate in fee simple absolute in the land in controversy; and he not having, at the date of said conveyance an indefeasible estate in fee simple absolute, but his estate in the land being defeasible and burdened with the lien of the taxes for the years 1874 and 1876, then due, any title which he may have afterwards acquired, by virtue of the tax sale, inured and immediately passed to the grantees in his former deed. R. S. 1889, sec. 8835; *Altinger v. Capehart*, 68 Mo. 441. And this is true without regard to the presence of any particular covenants in the deed. *Bogy v. Shaub*, 13 Mo. 381; *Gibson v. Chouteau*, 39 Mo. 566. (3) Swindle assumed by his deed to convey a title in fee simple absolute with covenants of seizin, title against incumbrances, quiet enjoyment, and further assurance, and obligated himself to protect the grantees in the enjoyment of that which the deed purports to give them, and he is estopped from afterwards acquiring or asserting a title and leaving the grantees to sue upon his covenants for redress. *Smith v. Williams*, 44 Mich. 240; *Shotwell v. Harrison*, 22 Mich. 410; *Chauvin v. Wagner*,

13 Mo. 553; Herman on Estoppel, secs. 268, 270; Rawle on Cov. for Title [4 Ed.] pp. 388-392; 3 Washburn on Real Property [3 Ed.] p. 105, sec. 38. (4) There is nothing in the record to impeach the validity and good faith of the deed from W. J. Swindle to his children. Appellant is in no situation to in anywise question the good faith and validity of the deed from W. J. Swindle to his children. *Payne v. Stanton*, 59 Mo. 158; *Pepper v. Carter*, 11 Mo. 540; *Vogler v. Montgomery*, 54 Mo. 577.

MACFARLANE, J.—This suit is ejectment to recover possession of the east half of the northeast quarter of section 21, township 28, range 29, in Jasper county. Judgment was for defendant, and plaintiff appealed.

On the fifth day of September, 1877, William J. Swindle, who is the common source of title, conveyed the land to Timothy Swindle, Mary A. Swindle, Harvey F. Swindle, William B. Swindle and Mary McNala, by deed containing the statutory words, "grant, bargain and sell," and also covenants of general warranty. These grantees were the children of the grantor, and, while the consideration named in the deed was $500, the evidence showed the conveyance to have been voluntary. At the date of this deed the grantor had suffered the taxes for the years 1874 and 1876 to remain unpaid, and they were a lien and a charge on the land. Under a judgment upon these taxes, in which all said grantees were made defendants, the land was sold, and purchased by one Buler, for fifty cents, and to whom it was conveyed by sheriff's deed. On the twenty-fourth day of August, 1882, a lease of the property for a term of five years was made to defendant Caruthers. This lease was written by Timothy Swindle, and was signed by him, " W. J. Swindle and sons." On the thirteenth of March, 1883, Buler, by quitclaim deed, conveyed the land back to William J. Swindle, for an express consideration of $10. On March 30, 1883, W. J. Swindle

executed and delivered to A. Frank & Sons a mortgage
on the land, with power of sale, to secure a debt of
$786.   Under this mortgage the land was sold and con-
veyed to plaintiff, and upon this conveyance he relies
for title.   It will be seen that both parties claim title
under deeds from William J. Swindle.   If the common
grantor acquired the title by his purchase through the
judgment, sale and conveyance for taxes, then plaintiff
acquired the title under the mortgage and deed of fore-
closure.   The first question is, then, whether William J.
Swindle was estopped, by his previous deed to his chil-
dren, to assert a title derived through the subsequent
sale for taxes.

I.   It is very clear, and a well-settled principle of
equity, that no one should be allowed to gain advantage
to himself through his own neglect of duty.   The
taxes for two years were charges upon the land when
the conveyance was made to the children of the grantor,
and which he was under both legal and moral obliga-
tion to discharge.   The law would be justly " charge-
able with connivance at fraud and dishonesty" to
permit the grantor to take advantage of his own delin-
quency for the purpose of wresting from his grantees
the property already conveyed to them.   In such cases
the law is well settled that the purchase shall operate
as payment of the tax, and nothing more.   Cooley,
Taxation [ 2 Ed.] 501 ; Desty, Taxation, 229, and
authorities cited.

II.   The grantor could with no more right or equity
purchase at second hand from another, who had bought
at public sale, than he could himself have purchased at
such sale.   In such case the purchase operates as a
redemption from the tax sale, and an entire extinguish-
ment of the tax title.   Cooley, Taxation, 503, and
authorities cited.

III.   Plaintiff insists that the deed to the grantor's
children was voluntary; having no valuable considera-
tion to support it, and the grantees, defendant's lessors,

were not in a position to invoke the equitable principle of estoppel to protect them. We are able to see no good reason why equity would not lend its aid to uphold a gift from parent to children as readily as to protect a purchaser for value. 2 Herman, Estoppel, 736. Plaintiff occupies no better situation than his grantor occupied before the execution of the mortgage. All the deeds affecting the title to this land were on record, and plaintiff, when he purchased, had constructive notice that his g antor had, some ten years before, conveyed the land by deed of general warranty ; that previous to such conveyance he had suffered taxes to accumulate, and become a charge on the land ; and that, through his neglect, the land had been sold to a third party, under whom he claimed. Plaintiff was, therefore, a purchaser with full notice of the rights of his grantor. *Mason v. Black*, 87 Mo. 329 ; *Hasenritter v. Kirchhoffer*, 79 Mo. 239. It has long been the settled law in this state that "a voluntary conveyance, as to subsequent creditors, although the party be embarrassed at the time of the execution, is not fraudulent *per se* as to them ; but the fact whether it is fraudulent or not is to be determined from all the circumstances." *Pepper v. Carter*, 11 Mo. 542 ; *Payne v. Stanton*, 59 Mo. 158. It is true the records of the courts of Jasper county show three judgments against the grantor, William J. Swindle, aggregating $1,300, bearing date respectively in 1871, 1874 and 1875, the last of them being two years before the voluntary conveyance. The abstracts of records furnished us do not show that these judgments were not satisfied at the date of the conveyance. The judgment creditors are not complaining, and, whether satisfied or not, the existence of these judgments, under the circumstances, was not sufficient *per se* to raise a presumption of actual fraud in favor of these mortgagees, who were subsequent purchasers, and under whom plaintiff claims. Under the evidence, the judgment was properly for defendant, and it is affirmed. All concur.