Bauer Grocery Co. v. Smith.

THE BAUER GROCERY COMPANY, Appellant, v. JOHN W. SMITH, Respondent.

### Kansas City Court of Appeals, April 1, 1895.

1. **Attachment:** AFFIDAVIT: AGENT. While it does not appear so clearly as it should who the affiant in the affidavit for attachment was, yet every reasonable inference from the record indicates that he was plaintiff's attorney, which rendered it sufficient.

2. **Fraudulent Conveyances:** MORTGAGED GOODS CONSUMED: MORTGAGE USED AS FRAUD. Though none of the property described in a mortgage was in existence at the time an attachment is levied and the mortgage was not originally executed with a view to defraud creditors, yet, if the mortgage is used to cover the goods attached, as being those conveyed by the mortgage, then the mortgage is a concealment of them as effectually as if they had been secreted.

3. ———: ———: ———: JURY QUESTION. On the facts in this case the questions for the jury are, whether any of the mortgaged goods remained; and whether the mortgage was being used as a cover to deceive creditors.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*Whitsett & Hammer* and *G. W. Barnett* for appellant.

(1) If it is agreed between mortgagor and mortgagee, that former should remain in possession of stock of goods in trade and sell in usual course of business, the mortgage is fraudulent as to both prior and subsequent creditors. R. S. 1889, sec. 5169; Jones on Chattel Mortgages [3 Ed.], sec. 397 and authorities there cited; *Sauer v. Behr*, 49 Mo. App. 86 and authorities there cited; *Smith v. Ham*, 51 Mo. App. 433; *Eley, Dawden & Co. v. Watkins*, 39 Mo. App. 27; *Bullene v. Barrett*, 87 Mo. 185; *McCarthy v. Miller*, 41 Mo. App. 200; *Hisley v. Goodwin*, 90 Mo. 366; *Lodge v. Samuels*, 50 Mo. 204; *Moser v. Claes*, 23 Mo. App. 421. (2) Assuming that the mortgage given to Veits and Gregg would not cover after acquired property, that is, property subsequently put in the stock to replenish it, yet the court erred in taking the case from the jury and deciding that there was none of the mortgage property in the stock at time of the levy of the attachment. The presumption is that all such stock had not been sold, and it devolved upon defendant to prove that none of the mortgaged property remained. The court can not sustain a demurrer to the evidence by assuming the truth of defendant's evidence, although such evidence is uncontradicted. *Hipsley v. Railroad*, 88 Mo. 348; *Kennedy v. Railroad*, 80 Mo. 573; *Gregory v. Chambers*, 78 Mo. 298, and other authorities there cited. (3) There was evidence authorizing the submission to the jury as to whether any of the mortgaged property remained in stock at time of the attachment. (4) But if we concede that all the mortgaged goods had been sold at time of the attachment, yet this did not justify the court in taking the case from the jury. The defend-

ant claimed that the goods he had on hands were covered by this mortgage and used it as a shield to protect his goods against the claims of other creditors. It is a clearer case of a fraudulent mortgage than if it had in reality covered the goods, because it appeared to do so, and was used by the defendant for his own purpose, that is, protecting his goods from attaching creditors.

*Sangree & Lamm* for respondent.

(1) The record, taked as a whole, does not show that Albert S. Hammer, who made the attachment affidavit, was an attorney of record for plaintiff. *Claflin v. Hoover*, 20 Mo. App. 214; *Gilkerson v. Knight*, 71 Mo. 403; Waples on Attachment [1 Ed.], pp. 83–96 and 97; *Bullene v. Smith*, 73 Mo. 151. (2) Everyone of these grounds has a specific, definite and adjudicated meaning. They do not overlap. The language used in the statute, stating the different grounds of attachment, is construed by the court to be neither superfluous nor synonymous. (3) At the time the chattel mortgage complained of was given, respondent was not indebted to anyone who was not secured by the mortgage. The attachment in fact was levied on goods not covered by the mortgage. There was nothing left of this mortgaged property except some furniture and that was not attached. Under such circumstances such ancient and exhausted chattel mortgage could, from no point of view, be such a fraudulent conveyance as would hinder and delay appellant as a subsequent creditor; because appellant became a creditor with notice of the mortgage and existing conditions and it is, at least, questionable, at best, if he ought to be even heard to complain. It is so held in *Baker v. Gilman*, 52 Barb. 26, *loc. cit.* 39; *Monroe v. Smith*, 79 Pa. St. 459; *Kain v. Roberts*, 40 Md. 590; *Bonney v. Taylor*, 90 Mo.

63; *Frank v. Carruthers,* 108 Mo. 569, *loc. cit.* 574; *Pepper v. Carter,* 11 Mo. 543; *Payne v. Staunton,* 59 Mo. 159; *Hawley v. Vogel,* 42 Mo. 291, *loc. cit.* 303; *Herring v. Richards,* 3 Fed. Rep. 439, *loc. cit.* 443; *Lionbaker v. Baker,* 88 Mo. 447, *loc. cit.* 453; *Ins. Co. v. Maas et al.,* 9 Mo. App. 285, *loc. cit.* 288; *Mittelberg v. Harrison;* 11 Mo. App. 136, *loc. cit.* 140; *Bank v. Overall,* 16 Mo. App. 510, *loc. cit.* 515; *Bucks v. Moore,* 36 Mo. App. 529, *loc. cit.* 534 and 535; *Hurley v. Taylor,* 78 Mo. 238; *Fisher v. Lewis et al.,* 69 Mo. 629. In cases where fraud is alleged, slight and indifferent circumstances merely creating a suspicion will not do. The fraud must be proved. *Weinstein v. Reed,* 25 Mo. App. 41, *loc. cit.* 50; *Wallace v. Penfield,* 106 U. S. 260; *Zeikel v. Douglass,* 88 Mo. 382; *Zelif v. Schuster,* 31 Mo. App. 493, *loc. cit.* 498; *Bonney v. Taylor,* 90 Mo. 63; *Evans v. David,* 98 Mo. 405; *Webb v. Darby,* 94 Mo. 621; *Shinneberger v. Shelton,* 41 Mo. App. 147; *Deering v. Collins,* 38 Mo. App. 73; *Burns v. Bangert,* 92 Mo. 167; *Crumb v. Wright,* 97 Mo. 13; *Donnell v. Byern,* 69 Mo. 468; *Enders v. Richards,* 33 Mo. 598; *Furniture Co. v. Fricke,* 39 Mo. App. 146; *Petring v. Criesler,* 80 Mo. 649; *Dobyns v. Meyer,* 95 Mo. 132. (4) Where the facts are undisputed and the witnesses unimpeached, or where the verdict, if returned for the opposite party, would be set aside as against the law and the evidence, the verdict should be directed by the court. Proffatt on Jury Trial, secs. 351, 352, 354; *Morgan v. Dunfee,* 69 Mo. 469, *loc. cit.* 476; *Fletcher v. Railroad,* 64 Mo. 484; *Nolan v. Shickle,* 3 Mo. App. 300, *loc. cit.* 308, and *post; City of Mexico v. Jones,* 27 Mo. App. 534; *Clark v. Fairley,* 30 Mo. App. 355; *Powell v. Railroad,* 76 Mo. 80; *Jackson v. Hardin,* 83 Mo. 175; *Landis v. Hamilton,* 77 Mo. 554; *Bank v. Skeen,* 29 Mo. App. 115; 2 Thompson on Trials, sec. 2249, and cases cited; *Ibid,* secs. 2248, 2250.

Bauer Grocery Co. v. Smith.

ELLISON, J.—Plaintiff instituted an action on an account against defendant and afterwards sued out an attachment in aid, on the ground that defendant had fraudulently conveyed his property so as to hinder and delay his creditors, as well as that he had fraudulently concealed his property so as to hinder and delay his creditors. Defendant filed a plea in abatement, in which issue was taken with the affidavit for the attachment. A trial on this plea resulted in a verdict for defendant, on a peremptory instruction from the court.

Objection was made to the affidavit in that the affiant was not the plaintiff and it did not appear that he represented the plaintiff. The objection was overruled, but defendant insists that afterward the court may have concluded the objection was good, and may have, for that reason, given the peremptory instruction. We are of the opinion, that, while it does not appear so clearly as it should who the affiant was, yet, every reasonable inference appears by the record that he was one of plaintiff's attorneys. The record shows that, in connection with the objection to the affidavit, plaintiff offered it in evidence, showing it to have been made by "Albert S. Hammer." Plaintiff then "offered the original petition, showing Mr. Hammer to be one of the attorneys who brought the suit." We think it the reasonable inference that the expression "Mr. Hammer" refers to Albert S. Hammer. If it does, it shows the affiant to have been the attorney, und this, as we have held in other cases, is sufficient record showing of the affiant's agency.

2. The principal controversy is whether plaintff so far failed to show that defendant had fraudulently disposed of his property so as to hinder and delay his creditors, as to justify the court in giving the peremptory instruction for defendant. The case shows that

some two years prior to the attachment, defendant gave to two persons, who were his sureties on promissory notes, a chattel mortgage on his stock of general merchandise, securing the sum of $2,000. That this mortgage was valid on its face, but that defendant was permitted, either by express or implied understanding, to remain in possession of the stock and sell the same in the usual course of business, replenishing the stock from time to time with new goods. There was evidence tending to show that when the sheriff was about to levy the attachment, defendant told him that the goods were mortgaged to the persons aforesaid. The evidence was also such that it might be reasonably inferred that some small, though unsubstantial part of the identical goods was yet in the store, when the attachment was taken out. We think that the evidence was sufficient to entitle plaintiff to the verdict of the jury on the issues involved, and that the court erred in taking the question from them.

And we hold this, even on the assumption that the view presented here by defendant is correct. That view, as we understand it, is this: That since the evidence showed substantially all (we will assume it showed all, for present purposes) of the goods which were on hand at the time the mortgage was executed, had been sold before the levy of the attachment, the fraud was a matter then passed and was not longer operative, since there was no property in existence which had been fraudulently conveyed. In other words, the operation of the fraudulent conveyance had ceased. Assuming the truth of this, yet the mortgage was on the defendant's stock of goods; it was unsatisfied; and thus remained as a cover for the goods, which might, during the life of the mortgage, compose the stock. The tendency, at least, was for it to operate as a concealment from creditors. Defendant's

right, title and interest in the goods was effectually hidden by the mortgage. We are aware that the causes of attachment as set forth in our attachment statute, are construed to be separate and distinct, and that the meaning of one cause is not embraced in another. *Bullene v. Smith*, 73 Mo. 151. And we have termed this a concealment with a knowledge of that case. If it be accepted as a fact, that none of the property described in the mortgage was in existence at the time of this levy, and that the mortgage was not originally executed with a view to defraud creditors, yet, if the mortgage was maintained and used to cover the goods attached, as being those conveyed by the mortgage, then it was a concealment of them as effectively as if they had been secreted. In such case, the mortgage would not be a conveyance of the goods attached, nor would it be a disposal of them, since they were still in the possession, control and disposal of the defendant, and, in reality, subject to no adverse interest, though, in fact, concealed under a mortgage which apparently affected them, but which, in reality, did not.

We think the court should submit to the jury the question whether any of the goods mortgaged remained. It will suffice, if any remained of material value, whether a great or small amount. The court should also, on the second theory, submit to the jury, whether the mortgage was being used by defendant as a cover to deceive creditors, and thereby conceal them from such creditors.

The judgment will be reversed, and the cause remanded. All concur.