SILVER PEAK MINES v. HANCHETT.

(Circuit Court, D. Nevada. May 21, 1897.)

No. 635.

AFFIDAVITS—IRREGULARITY OF FORM.

An affidavit which begins by reciting, "S., a corporation, the plaintiff above named, by M., its attorney, being duly sworn," etc., though irregular in form, is not a nullity, the true interpretation thereof being that it is the affidavit of M., who is the attorney of the corporation. An attorney may make the affidavit for the corporation.

The heading to the affidavit for attachment referred to in the opinion is as follows: "Silver Peak Mines, a corporation, the plaintiff above named, by M. A. Murphy, its attorney, being duly sworn, says," etc. The heading in the affidavit attached to the complaint is as follows: "M. A. Murphy, being duly sworn on behalf of the plaintiff in the above-entitled action, says," etc. The motion to dissolve the attachment was based upon the ground that there was no affidavit on file made by or on behalf of the plaintiff.

M. A. Murphy, for plaintiff.
James F. Dennis, for defendant.

HAWLEY, District Judge (orally). I think the form of the heading of the affidavit is subject to criticism. The form as to the affidavit of the complaint is certainly much better. But the point that is raised is purely technical in its character, and it goes simply to the form, and not the substance, of the affidavit. The true interpretation to be given to that affidavit is that it is the affidavit of M. A. Murphy, who is the attorney for the corporation. It is not susceptible, in my judgment, of any other judicial interpretation. The law is well settled that an agent or an attorney may make the affidavit. Grocery Co. v. Smith, 61 Mo. App. 665, 669; Drake, Attachm. §§ 93–93b, and authorities there cited; 3 Am. & Eng. Enc. Law (2d Ed.) 207, and authorities there cited. The motion to dissolve the attachment is overruled.