BAUER GROCERY COMPANY, Respondent, v. JOHN W. SMITH, Appellant.

Kansas Court of Appeals, April 4, 1898.

1. **Fraudulent Conveyances:** VOLUNTARY MORTGAGE: EXISTING CREDITORS. Though a voluntary conveyance be fraudulent as to existing creditors, it is not subject to attack by subsequent creditors unless made with a view to subsequent debts or engaging in hazardous business.

2. ———: SATISFIED MORTGAGE TO CONCEAL PROPERTY: STATUTE. Allowing a liquidated mortgage to remain unsatisfied with a view of having it continue apparently a live instrument to cover new stock is a fraudulent concealment of property within the terms of subdivision. 8, section 521, Revised Statutes 1889.

3. ———: MORTGAGED PROPERTY: OUT OF EXISTENCE: ATTACHMENT. The fact that chattels conveyed by a fraudulent mortgage had passed out of existence will not defeat an attachment on the ground of the fraud in making such mortgage.

4. Appellate and Trial Practice: COMMON ERROR: INSTRUCTIONS: EVIDENCE. A party can not complain of instructions when his own contain the same alleged error nor of the admission of evidence when his objection at the trial first came after similar evidence had been admitted.

*Appeal from the Pettis Circuit Court.*—HON. GEO. F. LONGAN, Judge.

AFFIRMED.

I. W. WHITSETT and BARNETT & BARNETT for appellant.

(1) The court erred in permitting defendant to testify as to the value of his stock of goods at the time they were seized under the writ of attachment. (2) The expression "preponderance of the evidence" is not proper in an instruction, whether the case be a civil or criminal one, unless explained. State v. Heinze, 45 Mo. App. 413; Carson v. Porter, 22 Mo. App. 185; Clark v. Kitchen, 52 Mo. 316; Milling Co. v. Walsh, 37 Mo. App. 567; Scott v. Allenbaugh, 50 Mo. App. 130. (3) We made a *prima facie* case by showing this fraudulent mortgage; that it remained unsatisfied and unreleased of record; and that it was apparently upon the attached goods—being goods answering exactly the description of the goods in the mortgage, and we maintain that having made this *prima facie* case the burden was cast upon defendant to overthrow the same by showing that said mortgage was not maintained as being upon or covering this

property. (4) We insist that the issues were those raised by the affidavit for attachment and the plea in abatement, and the question as to whether the mortgaged goods had all been sold, etc., were matters of defense, on which the burden rested with the defendant. (5) If the defendant was maintaining and using the mortgage to cover the attached goods, then such acts were fraudulent without reference to any fraudulent purpose on part of defendant.

SANGREE & LAMM for respondent.

(1) There was no error in admitting testimony on the value of the goods in the store at the time of the attachment. Lewis v. Humphries, 64 Mo. App. 466, (470). (2) The unexplained use of the phrase "preponderance of the evidence" is not reversible error. Clark v. Kitchen, 52 Mo. 316; Berry v. Wilson, 64 Mo. 164 (qualifying former case); Braddy v. R'y, 47 Mo. App. 519, (523); Steinwender v. Creath, 44 Mo. App. 357, (360); Feurt, Ex'r, v. Ambrose, 34 Mo. App. 360, (365); Proctor v. Loomis, 35 Mo. App. 482, (488, 489); Jackson v. Ins. Co., 27 Mo. App. 62, (this case was decided by the same judge who decided Carson v. Porter, 22 Mo. App. 179); Davis v. R'y, 13 Mo. App. 449, (460); Milling Co. v. Walsh, 37 App. 567, (574, 575); (the above case was affirmed 108 Mo. 277); Miller v. Boot & Shoe Co., 26 Mo. App. 57, (63); Steinamper v. McManus, 26 Mo. App. 51, (56); Scott v. Allenbaugh, 50 Mo. App. 130, (135); Johnson-Brinkman Co. v. Bank, 116 Mo. 558, (569); Drennon v. Dalincourt, 56 Mo. App. 128, (132); Harper v. Morse, 114 Mo. 317, (321, 323); Waller v. R'y, 59 Mo. App. 410. (3) The point that the burden was on defendant to show that the mortgage was not being used as a cover against creditors, is not well taken.

The burden was clearly on plaintiff to show the affirmative fact, and not on us to show a negative. (4) The theories of the case, or issues, are precisely those formulated by this court itself in remanding the former case. Grocer Co. v. Smith, 61 Mo. App. 665, (671).

ELLISON, J.—This case will be found reported in 61 Mo. App. 665, this being the second appeal. The action is attachment on the ground that defendant had fraudulently conveyed his property so as STATEMENT. to hinder or delay his creditors and that he had fraudulently concealed his property so as to hinder and delay his creditors. The contest is on the plea in abatement. The grounds of attachment relate solely to a chattel mortgage on a stock of general merchandise which defendant executed to some third parties, the mortgage being duly recorded. There is no pretense of the mortgage being fraudulent on its face, reliance being placed on acts done under the mortgage since its execution. Those acts are, *first*, that the mortgagor remained in possession of the goods and disposed of them for his own benefit in the usual course of trade; and, *second*, that after the original stock mortgaged had been entirely sold out and had been replaced by other goods, and the mortgage debt had been paid, the defendant permitted the mortgage to remain unsatisfied on the records and used it as a means to cover the new stock.

It is conceded that plaintiff became a creditor of defendant after the mortgage was executed and recorded, and there is no proof that defendant intended, at the time he executed the mortgage, to FRAUDULENT con- defraud those to whom he might subseveyances: vol- untary mort- gage: existing quently become indebted. It is well creditors. settled that a voluntary conveyance can only be avoided by existing creditors, unless made with

a view to subsequent debts. Pepper v. Carter, 11 Mo.
540; Payne v. Stanton, 59 Mo. 158; Lionberger v.
Baker, 88 Mo. 447; Frank v. Carothers, 108 Mo. 569;
Bucks v. Moore, 36 Mo. App. 529; Loehr v. Murphy,
45 Mo. App. 519. The rule may be stated in broader
terms, viz.: Though the conveyance be executed with
intent to defraud existing creditors, yet it can not be
attacked by subsequent creditors, since no fraudulent
purpose antecedently carried out could affect them.
Bonney v. Taylor, 90 Mo. 63; Baker v. Gilman, 52
Barb. 26; Kane v. Roberts, 40 Md. 590; Monroe v.
Smith, 79 Pa. St. 459. The rule however ought not to
be stated in such breadth without the qualification that
if the grantor makes the conveyance intending to
engage in some hazardous business where debts will
likely be incurred, subsequent creditors may assail the
conveyance. Fisher v. Lewis, 69 Mo. 629; Monroe v.
Smith, *supra.* Applying the rule to the facts of the
case before us as above stated, we find that plaintiff,
being a subsequent creditor, the mortgage was not a
fraudulent conveyance as to him and that part of the
charge in the affidavit for attachment must fail.

As to the second ground, we hold, as stated on the
former appeal, that notwithstanding the mortgage was
not a fraudulent conveyance, yet if, after it had served
its purpose as a security from the defend-
ant to his mortgagees by the debt becom-
ing liquidated, and after the original
stock of merchandise had been sold off
and replaced by other merchandise answering the
general description of the original stock, the defendant
allowed it to remain unsatisfied with a view of having
it continue apparently a live instrument to cover the
new stock, it was a fraudulent concealment of his
property, within the terms of subdivision 8, of section
521 of the statute relating to attachments.

*——: satisfied mortgage to conceal property: statute.*

It seems that it was a matter of contest both in the former and the last trial that though one executes a fraudulent mortgage, either fraudulent in law or fact, if the chattels conveyed have been sold or have passed out of existence, the act is not cause for attachment. The point is not well made. The fraudulent act is cause for attachment as to existing creditors (or subsequent ones if made with a view of defrauding them as above stated) notwithstanding the transaction is long past and the chattels conveyed have ceased to exist. The attachment writ is not confined in its operation to the goods or chattels fraudulently conveyed, and the mortgagor's fraudulent act gives the creditor a right to lay hold of any of his property, no matter how old the act may be, so that it be within the period of limitation of the debt.

*——: mortgaged property: out of existence: attachment.*

It is contended by plaintiff that the court erred in making use of the words preponderance of the evidence in defendant's instructions. The point can not be urged by plaintiff since the same expression is used and adopted by plaintiff in instructions asked by him.

*Appellate and trial practice: common error: instructions: evidence.*

Nor do we think any harmful error was committed by the court permitting a witness to answer a question as to the value of the goods attached, since the same evidence had gone in without objection at an earlier stage of the trial. Conceding that, as an original proposition, such evidence was improper, it was not a substantial error materially affecting the merits of the controversy in the circumstances of this case.

In our opinion the other suggestions made against the judgment are not of sufficient moment to justify a reversal of the judgment and it is therefore affirmed. All concur.