### Bernhard H. Sietman v. Bernard Goeckner.

1. SERVICE OF SUMMONS—*sufficient notwithstanding copy of summons lacks seal.* A purported copy of a summons is sufficient for all purposes of service if its only defect is the absence of the representation of a seal or any indication that a seal was contained upon the original.

Action of forcible detainer. Appeal from the Circuit Court of Effingham County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed March 22, 1906.

R. C. HARRAH and BARNEY OVERBECK, for appellant; WOOD BROS. & RICKELMAN, of counsel.

S. F. GILMORE, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in forcible detainer by appellee against appellant, in the Circuit Court of Effingham County, for possession of certain real estate. Summons in due form and substance, signed by the clerk of the court, under seal of the court, was duly issued. This summons was served on appellant by delivering to him an exact copy thereof, except there was no seal of the court on the copy, nor any "marks or characters" on it to denote that the original summons was in fact impressed with the seal of the court. The sheriff made his return on the original summons that he had duly served the same by delivering a true copy thereof to appellant. On the first day of the return term appellant filed a plea in abatement, verified by affidavit, denying that said sheriff did deliver to him a copy of the said summons, and praying judgment if the court would take cognizance of the action. To this plea appellee replied that the sheriff did deliver to appellant a true copy of said writ. A jury was waived and the issue was tried by the court by agreement. Appellant made no appearance except to offer evidence in support of his plea in abatement. This consisted

of his own testimony, identifying the copy of the summons. delivered to him by the sheriff, the statement that it was the only paper that the sheriff ever gave him in the case, and the putting of the copy and the original writ both in evidence.

Appellant asked the court to hold as a proposition of law applicable to the case, the following: "In this case, although the evidence may show that the original summons was under the official or public seal of the court, and the said seal was impressed upon the same, yet if it also appears from the evidence that the copy delivered to the defendant did not show such seal so impressed, then the law is with the defendant on the plea in abatement, and the summons must be quashed." The court rejected this proposition and refused to hold it as law applicable to the case, and found the issue raised by the plea in abatement in favor of appellee and against appellant, and rendered judgment thereon. And then heard evidence in support of appellee's complaint, appellant not further appearing, and rendered judgment in favor of appellee for possession and for costs.

The record before us presents to this court but one question:. Did the sheriff deliver to appellant a copy of the summons, within the meaning of the statute requiring service of the summons to be made by delivering "a copy" thereof to the defendant? To put it in another form, is it necessary to a compliance with the requirement of the statute that the copy shall have upon it a transcript of the seal of the court, or any "marks or characters" to denote that the original summons was under seal? Though the seal may be necessary to authenticate the writ itself, it is not a part of the writ, so as to make it necessary to set it forth in the copy served. Clutterbuck v. Wildman, Tyrwhitt's Reports, vol. 2, p. 277; Chitty's General Practice, vol. 3, p. 260; Anderson on Judicial Writs and Processes, pp. 69 and 179; Kelley v. Mason, 4 Ind. 618; Hughes v. Osborn, 42 Ind. 450. In the last case above cited the question arose on motion to set aside the service. This motion "was

Sietman v. Goeckner.

based upon the ground that the service was a copy of the summons left at the usual  \*  \*  \*  place of residence of the defendant, and that the copy did not show *in any manner* that the original thereof was sealed with the seal of the court." The court held that the motion was properly denied, and that it was not necessary to a proper compliance with the requirements of the statute, that the sheriff should attempt to copy the seal, or in any manner to denote that the original summons was in fact impressed with the seal of the court. Cameron v. Wheeler, et al., 6 Queen's Bench Reports (Upper Canada), 9,355, is a case which arose under a statute identical with ours, except it states "a *true* copy," while ours states "a copy," and the facts of that case are on "all fours" with this case in every respect material to the question raised here. In that case the court held that it was not necessary to copy the seal, nor to indicate on the copy in any manner that the original was under seal. We also cite as bearing with much force upon the question, though not directly in point, Watson v. Morton, Abbott's Practice Reports, vol. 18, p. 138. We have been unable to find any authority to the contrary, in either text or case.

The copy of the summons as delivered to appellant served all the purposes for which service in such cases is required in the due administration of justice, through the means of courts. It gave him adequate and timely notice of the commencement and the character of the suit, and of the time and place, when and where he might appear and examine the original process and pleadings and make his defense.

The seal, within the meaning of the statute here under consideration, is no part of the summons. Its office is to evidence the validity of the summons. The defendant cannot take it for granted that the original summons is not properly sealed to give it validity, merely because the copy served takes no notice of it. The law requires that the summons be returned and filed with the clerk of the court, where it can be inspected by defendant, and he is not required to plead or answer it until it is so returned and filed.

If upon inspection it be found that the validity of the original summons is not evidenced by the seal of the court as the statute requires, the defendant may avail of that fact.

The judgment of the Circuit Court is affirmed.

*Affirmed.*