· HENRY HEROLD, APPELLEE, V. WILLIAM W. COATES,
APPELLANT.

FILED FEBRUARY 15, 1911.   No. 16,226.

1. **Process:** OMISSION OF SEAL ON COPY. A copy of the seal under which a summons is issued is not an essential part of the copy required by the statutory provision that "service shall be by delivering a copy of the summons to the defendant personally." Code, sec. 69.

2. **Libel and Slander:** TRIAL: INSTRUCTIONS. In an action for slan-· der, an instruction to find as a fact that defamatory words pleaded in the petition were spoken of and concerning plaintiff is erroneous, where their utterance was put in issue by the answer and contested at the trial by direct testimony on behalf · of each party.

APPEAL from the district court for Cass county: HARVEY D. TRAVIS, JUDGE. *Reversed.*

*Byron Clark* and *W. A. Robertson,* for appellant.

*Matthew Gering, J. J. Sullivan* and *A. L. Tidd, contra.*

ROSE, J.

The petition contains two counts, the first for slander and the second for malicious prosecution. There was a verdict in favor of plaintiff for $5,000 on the first cause of action and for $7,500 on the second. On the count for malicious prosecution a new trial was granted. On the count for slander a judgment was rendered on the verdict in favor of plaintiff, and defendant has appealed.

1. The overruling of an objection to the jurisdiction of the court is the first error assigned. In the argument on this point it·is asserted that the copy of the summons delivered by the sheriff to defendant did not contain a copy of the seal of the district court nor otherwise show the original was issued under seal. This omission is the basis of the assignment. Though defendant is appellant here,

he did not bring up the original summons nor a copy thereof. With the record in such a condition it will be presumed the original summons was issued under seal in the manner prescribed by statute. Code, secs. 64, 880. This presumption is not overcome by the mere production of a sheriff's copy with the seal omitted. The summons being perfect, the question is: Did the sheriff's copy meet the requirements of the statute which declares that "the service shall be by delivering a copy of the summons to the defendant personally?" Code, sec. 69. The copy delivered to defendant embodies the statutory contents of a summons, and shows that the original was issued by the clerk of the district court. It also contains the words, "Witness my official signature and the seal of said court." It was a perfect copy except that the seal was not reproduced. To hold under such circumstances that the sheriff did not deliver a "copy" of the summons to defendant would require a construction too narrow and technical. A copy of the seal is not an essential part of the copy contemplated by statute. *Kelley v. Mason,* 4 Ind. 618; *Hughes v. Osborn,* 42 Ind. 450; *Sietman v. Goeckner,* 127 Ill. App. 67; *Peters v. Crittenden,* 8 Tex. 131.

2. An instruction containing the following language is assailed as erroneous: "As to the first cause of action, you are instructed that the defendant in his answer impliedly admits the speaking of the alleged slanderous words stated in the first cause of action in plaintiff's petition, which he denies, but seeks to avoid their legal effect by alleging in substance that the alleged slanderous statements are true and privileged. * * * The defendant, therefore, having admitted the speaking of the words claimed to be slanderous by the plaintiff, you are directed to find as a fact that the defendant did speak of and concerning the plaintiff the alleged defamatory words contained in the first cause of action stated in plaintiff's petition."

According to the petition, the defamatory words spoken of and concerning plaintiff by defendant, omitting the

Herold v. Coates.

innuendoes, are: "Herold has stolen more than $2,000 worth from me." "Henry Herold has stolen from me more than $4,000." "Henry Herold has stolen from me about $17,000." "Herold, the damn whelp, has stolen me blind. He has stolen over $6,000, and I do not know how much more. He was several days in Peoria out with a whore. He was seen out buggy-riding with her." "Herold has robbed me of about $17,000."

As shown by the instruction assailed, the court charged that defendant in his answer admitted the speaking of the words quoted, including those relating to plaintiff's behavior at Peoria, and directed the jury to find as a fact that they were spoken of and concerning plaintiff by defendant. To justify the instruction plaintiff relies on the following allegations of the answer: "Defendant further alleges that the plaintiff was in the employ of this defendant, managing and controlling defendant's stores at Wyoming and Kewanee, Illinois, and in Plattsmouth, Nebraska, and that he had control of all purchases and sales and the proceeds thereof, and represented that he was selling goods and making large profits thereon and discounting all bills, which representations defendant believed and relied upon until in December, 1907, when this defendant found that there were unpaid bills for goods purchased by plaintiff on this defendant's account, aggregating about $12,000, which were due and payable, and of which theretofore this defendant had been kept in ignorance; and that on account of the unexpected presentation of such large amounts this defendant was wholly unprepared to pay the same, and on account of the persistency of the persons holding said claims for their payment this defendant applied to different banks for loans with which to pay said debts, and in answer to inquiries as to his need of money was compelled to and did make explanations as aforesaid of his indebtedness and his prior ignorance thereof, and that defendant had also found shortages in stock and moneys from sales and uncharged items of moneys from sales and uncharged items of moneys and

goods, by which he had suffered great losses, the aggregate of which was then and still is unknown to defendant, all of which apparent and unexplained shortages in moneys, goods and accounts had occurred since February 15, 1907, and were based upon inventories made by the plaintiff, and that about the periods of time alleged in said first cause of action of the alleged speaking of the alleged defamatory words, this defendant made such explanation to the persons of whom he desired to borrow money and stated the foregoing facts, and also made such statements and explanations to creditors or their representatives when asked for payment of their claims, and which explanations he made for the purpose of getting extensions of time to pay said claims, and likewise made such explanations to the associates in business of this defendant who were entitled to know the cause of this defendant's financial embarrassment and which was affecting their joint business, and that all of such statements were made at a time and under such circumstances where and when the communications were privileged, and were made without malice and not for repetition or publication. This defendant further alleges that it is true that the plaintiff took goods and moneys of this defendant and converted the same to his own use, without the knowledge and consent of defendant, and had done so prior to the dates named in said first cause of action, and this defendant further alleges that he did not make any statement except where it was necessary to protect his own interest and property and for lawful purposes."

In reviewing the instruction criticised, the inquiry will be limited to the direction that defendant in his answer admitted speaking of and concerning plaintiff the following: "He was several days in Peoria out with a whore. He was seen out buggy-riding with her." In the answer the uttering of these words was denied in a separate paragraph denying each and every allegation in the first count of the petition except plaintiff's employment and the fact that he was a married man. The admissions of the answer

relate to business matters, and under any fair interpretation of the pleading the words last quoted, at least, are not included. Besides, their utterance was treated by the parties, at the trial, as a disputed question of fact. A witness for plaintiff testified that they were spoken as alleged in the petition, and defendant, without objection, testified that he never at any time or place used the word "whore" in speaking of plaintiff or charged him with being out with such a character. On the record presented, therefore, the utterance of the defamatory words last quoted was an issue of fact and the testimony relating thereto was in direct conflict. In charging that defendant admitted the speaking of such words and in directing the jury to find as a fact that they were spoken of and concerning the plaintiff, the trial court erred to the prejudice of defendant.

It is urged by plaintiff that the instruction is not reviewable for want of an exception at the proper time, but an exception is noted in the usual manner on the instruction itself, and it appears to have been taken pursuant to an established custom in the trial court.

REVERSED AND REMANDED.

ROOT, J., not sitting.