J. ELRAMY v. J. A. ABEYOUNIS AND AB JOSEPH.

(Filed 11 March, 1925.)

**1. Process—Summons—Service—Copies—Seals—Statutes.** ·

> The purpose of C. S., 476, 479, in requiring the seal of the clerk of the court to a summons issued to be served outside of the county, is to evidence the authenticity of the summons, and its omission from the copy alone becomes immaterial where it is in all other respects a replica of the original and the defendants could not have been prejudiced by the lack of information concerning the action they were called upon to defend.

**2. Judgments—Default—Excusable Neglect—Clerks of Court.**

> Where the principal on a note has been duly served with summons and he has failed to file an answer within the statutory time, relying upon an agreement with the surety on the note to file a joint answer: *Held,* no excusable neglect has been shown, and the clerk, being without authority to extend the time, a judgment by default is properly entered by him.

APPEAL by the defendant Joseph from *Midyette, J.,* at October Term, 1924, of PITT.

The plaintiff alleged that he and Joseph had been engaged in the mercantile business in Greenville under the firm name of "The Economy

Store" and on 16 July, 1924, Joseph purchased the plaintiff's interest in the business, agreeing to assume the firm's existing indebtedness and to pay the plaintiff $500. For the payment of this sum ($500) Abeyounis became Joseph's surety.

The allegations were admitted with exception of the suretyship of Abeyounis and the demand for payment.

Summons was issued 22 August, 1924, returnable 5 September, and was served on the defendant Joseph 25 August. On 29 September, 1924, the clerk rendered judgment against Joseph, who, on 17 October, made a motion based upon his affidavit to set aside the judgment on the ground of excusable neglect; on the ground that the copy of the summons delivered to him by the sheriff of Union County did not bear the seal of the Superior Court of Pitt County; also on the ground that as the answer was filed on 20 September, the clerk was without power to render judgment on 29 September.

The defendant's motion was denied and he appealed to the judge, who found additional facts as follows: The original summons was issued under the seal of the court; and the copy delivered to the defendant, while not impressed with the seal, purported to have been issued under the hand and seal of the court, and the defendant was not misled or prejudiced by the omission of the seal from the copy; a copy of the complaint was served with the summons; the defendant, who lived in Union County, went to New York after service of the summons, but returned several days before the time for answering had expired; while in New York he saw his codefendant Abeyounis who agreed upon his return home to file the necessary answer, but after his return he made no effort to engage counsel or to file an answer until the allotted time had passed; he (Abeyounis) was never served with summons and as to him a nonsuit has been taken; five days after the time for answering had expired the defendant's attorney filed or attempted to file a joint answer for him and Abeyounis; because the answer was not duly filed the cause was not transferred to the civil issue docket; on 20 September the plaintiff's attorney notified the clerk that an answer had not been filed within the time prescribed and that the plaintiff was entitled to judgment by default final; the defendant alleged that he had a meritorious defense.

Upon the facts the court adjudged:

(a) That said judgment by default against the defendant, Ab Joseph, was properly entered according to the course and practice of the courts.

(b) That the omission of the impression of the seal of the court upon the copy of the summons left with the defendant, Ab Joseph, was not of the substance and did not tend, in any way to mislead or prejudice the defendant, he having been notified of the time and place when and where he was to file answer.

(c) That no excusable neglect has been shown upon the part of the defendant, Ab Joseph, in failing to file answer within the time required by law; but, on the contrary, said neglect is found to have been inexcusable.

It was therefore ordered and adjudged that the defendant, Ab Joseph's motion to set aside judgment be denied, and that the plaintiff recover as provided in the judgment of the clerk of the Superior Court of Pitt County, dated 20 September, 1924.

G. E. MIDYETTE, *Judge.*

*Louis W. Gaylord for plaintiff.*
*Julius Brown and Ward & Grimes for defendants.*

ADAMS, J. The summons is served by the delivery of a copy thereof to the defendant, and if addressed to the sheriff or other officer of a county other than that from which it is issued it must be attested by the seal of the court. C. S., 476, 479. In this case the original summons bore the proper seal and the copy purported to have been attested in like manner. The copy included every material part of the original except the seal, the omission of which, not affecting the substance of the writ, did not impair the efficacy of the service or in any way mislead or prejudice the defendant. In affixing the seal the object is to evidence the authenticity of the summons, but the seal is not a part of the summons in the sense that its impress upon the copy is essential to the validity of the original. *Vick v. Flournoy,* 147 N. C., 209; 21 R. C. L., 1325 (73); *Lyon v. Baldwin,* L. R. A., 1917, ch. 148 and annotation 154; 32 Cyc., 460.

For several days after he had been served with summons the defendant remained at his home in Monroe without filing his answer or consulting an attorney. He then went to New York and there had a conference with Abeyounis who conducted a mercantile business in Pitt County. Abeyounis promised upon his return home to file an answer to the complaint and the defendant relied upon this promise. It is contended that the failure to file the answer was due to the defendant's excusable neglect, and as he had a meritorious defense the judgment should have been set aside. When the conference took place in New York Abeyounis had not been served with process. Indeed, he has never been served with process, or otherwise brought into court. His interest was diametrically opposed to that of the defendant. It was evidently his purpose to say nothing, to await judgment by default against the defendant and thereby to escape liability. In this enterprise he was successful. It is not difficult to perceive that the defendant in intrusting his business to one whose interest in the litigation was adverse to his own did not exercise such

diligence as a man of ordinary prudence should have exercised under the circumstances. In this respect the present case is easily differentiated from *Nicholson v. Cox,* 83 N. C., 49; *Sikes v. Weatherly,* 110 N. C., 131, and *Nash v. Treat,* 30 Anno. Cas., 1913 ed., 752. His Honor, we think, very properly held that no excusable neglect had been shown. *Morris v. Ins. Co.,* 131 N. C., 212; *Pepper v. Clegg,* 132 N. C., 312; *Osborn v. Leach,* 133 N. C., 428; *Shepherd v. Shepherd,* 180 N. C., 494.

A copy of the complaint was served with summons and five days after the time for filing an answer had expired the defendant's attorney deposited in the clerk's office a paper purporting to be the joint answer of the defendant and Abeyounis. As the clerk had no power to extend the time for filing the answer (*Lerch v. McKinne,* 187 N. C., 419) and no other order authorizing such extension was shown the purported filing of the paper did not deprive the plaintiff of his right to judgment. Neither *Cahoon v. Everton,* 187 N. C., 369, nor *Roberts v. Merritt, ante,* 194, is authority for the defendant's position that the plaintiff treated the answer as filed and waived his right to a judgment.

The judgment is

Affirmed.