Argued December 21, 1927, affirmed January 10, 1928.

## THE COMMERCIAL CORPORATION *v.* E. E. KRUEGER ET AL.

(262 Pac. 937.)

**Garnishment—Affidavit for Garnishment Stating That C. A. B. Swore to Certain Things, but Executed in Name of Corporation by C. A. B., Secretary, Held Sufficient.**

1. Affidavit for writ of attachment in garnishment proceeding, commencing "I, C. A. B., being first duly sworn," and signed "The C. Corporation, by C. A. B., Secretary," *held* affidavit of C. A. B., secretary of corporation, and sufficient.

**Garnishment—Copy of Garnishment Writ Served on Garnishee Held not Insufficient, Because it Did not Bear Imprint Showing That Original Bore Seal of Court.**

2. Copy of writ of attachment served on garnishee in garnishment proceeding, concluding in usual form with statement that clerk had attached his signature and the seal of the Circuit Court,

---

1. Is affidavit of officer of corporation to be regarded as made by its agent, see note in 16 L. R. A. (N. S.) 703.

2. Failure of copy of writ or process delivered to person served to indicate that the original is sealed, see note in L. R. A. 1917C, 154. See, also, 21 R. C. L. 1325.

*held* not insufficient because it did not bear any imprint showing that original writ bore seal of court, since seal is no part of writ, and merely evidences its validity.

**Garnishment—Seal of Court is not Part of Garnishment Writ, and Merely Evidences Its Validity.**

3. Seal of court is no part of writ of attachment in garnishment proceeding, and its sole function is to evidence validity of writ.

---

Garnishment, 28 **C. J.**, p. 208, n. 58, p. 225, n. 74.
Process, 32 **Cyc.**, p. 460, n. 66.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.

Appeal by the garnishee from a judgment against him. January 10, 1925, the plaintiff filed his complaint, an affidavit and undertaking for an attachment; the necessary writs were issued and served upon the garnishee. The affidavit commences: "I, C. A. Boyle, being first duly sworn"; it is signed, "The Commercial Corporation, by C. A. Boyle, Secretary." The writ of attachment is in proper form. The copy left with the defendant bore no imprint showing that the original bears the seal of the court; however, it concludes in the usual form that the clerk has attached his signature and the seal of the Circuit Court. The garnishee made no disclosure. February 9th, plaintiff filed allegations and interrogatories; an order was made that they be served upon the garnishee. The latter entered a special appearance and moved that the court set aside its order and quash the writ for the reason that "the necessary and proper affidavit, or any lawful affidavit was not filed herein"; the motion was denied. Later the garnishee filed his answer which denied the sufficiency of the affidavit and pointed out the matters pertaining thereto which we have already referred to. Further, it alleged that the copy of the writ left with the garnishee contained no

statement or imprint showing that the original bore the proper seal. Thereupon the plaintiff moved for judgment on the pleadings, which was allowed. The garnishee appeals. AFFIRMED.

For appellant there was a brief over the name of *Messrs. Reeder & Eastham,* with an oral argument by *Mr. O. W. Eastham.*

For respondent there was a brief over the name of *Mr. Arthur C. Dayton.*

ROSSMAN, J.—1. Affidavits similar to that before us have been frequently upheld. In *Silver Peak Mines* v. *Hanchett,* 80 Fed. 990, the court in referring to an affidavit somewhat similar to the document before us tersely said:

"The point that is raised is purely technical in its character and it goes simply to the form, and not the substance, of the affidavit. The true interpretation to be given to that affidavit is that it is the affidavit of M. A. Murphy, who is the attorney for the corporation. It is not susceptible, in my judgment, of any other judicial interpretation."

Similarly we believe that the document before us is the affidavit of C. A. Boyle, secretary of the corporation. Other holdings to similar effect are, *Hotaling & Co.* v. *Brogan,* 12 Cal. App. 500 (107 Pac. 711); *Moline etc. Co.* v. *Curtis,* 38 Neb. 520 (57 N. W. 161); *Thedin* v. *First Nat. Bank of Savage,* 67 Mont. 65 (214 Pac. 956); we hold the affidavit sufficient.

2, 3. Both reason and authority uphold the sufficiency of the copy of the writ served upon the garnishee. The seal's only function is to evidence the validity of the writ, but it is not a part of the writ; hence it is not necessary to refer to it in the copy

served: *Lyon* v. *Baldwin,* 194 Mich. 118 (160 N. W. 428, L. R. A. 1917C, 148, annotated); *Cameron* v. *Wheeler,* 6 Q. B. U. C. 355; *Sietwan* v. *Goeckner,* 127 Ill. App. 67; *Kelley* v. *Mason,* 4 Ind. 618; *Hughes* v. *Osburn,* 42 Ind. 450; *Elramy* v. *Abeyounis,* 189 N. C. 278 (126 S. E. 743); *Peters* v. *Crittenden,* 8 Tex. 131; *Herold* v. *Coates,* 88 Neb. 487 (129 N. W. 998). See, also, *Watson* v. *Morton,* 18 Abb. Pr. (N. Y.) 138; 32 Cyc. 460;. 21 R. C. L., Process, § 72.

Affirmed.

Rand, C. J., and Coshow and McBride, JJ., concur.