BICKNELL *versus* HILL.

In a suit by an officer upon a receipt given for property attached, the officer's return upon the execution, that he seasonably made a demand upon the receipter, is not an act required in his official duty, and therefore is not evidence.

When the promise contained in such a receipt is, that the property shall be delivered "on demand," the demand is a condition precedent.

Inability of the receipter to redeliver the property does not waive the necessity for a demand, in order to fix his liability.

ON EXCEPTIONS from the District Court, HATHAWAY, J.

ASSUMPSIT. — The plaintiff was a deputy sheriff. He attached a schooner upon a writ, and took therefor a receipt signed by the defendant and acknowledging that he had received her from the plaintiff, as property attached on a writ specified, and promising to redeliver the same *on demand*. This suit was brought upon that receipt.

Judgment was recovered against the defendant, in the original suit, and within thirty days from the judgment, the plaintiff, still being a deputy sheriff, returned upon the execution, that he had made demand, June 28, 1849, upon the receipter for the schooner, which he refused and neglected to deliver. *There was no other proof of a demand.*

It was admitted that "after the attachment the schooner was restored to the owner and went to sea on a voyage to Ponce Porto Rico, and did not return in the year 1849."

A nonsuit was ordered, to which the plaintiff excepted.

*Blake*, for the plaintiff.

I. A demand was unnecessary.

1. The attachment was made in May, and judgment was recovered in June. At the time of the judgment, and for more than thirty days afterwards, the schooner was at sea. A demand therefore must have been unavailing.

2. The restoration of the schooner by the defendant to the owner defeated the plaintiff's lien upon her. 13 Pick. 139 ; 16 Pick. 144. This was a violation of the defendant's contract, by which he became absolutely liable, it appearing by the case that the officer was liable to the attaching creditor.

II. The officer's return of a demand was sufficient. It was an official act, and therefore, at least *prima facie* evidence. 13 Maine, 245 ; 4 Burrow, 2129 ; 11 East, 297 ; 20 Maine, 372 ; 21 Pick. 187 ; 7 Cow. 313.

*A. W. Paine*, for the defendant.

TENNEY, J. — The restoration to the owner, of the property attached by the plaintiff, on the original writ, in favor of Elisha Parker against George F. Granger, which went to Ponce Porto Rico, was a dissolution of the attachment. The receipt was for the indemnity of the plaintiff for surrendering the property to the owner, and was a matter, in which the creditor is not shown to have had any interest whatever. The execution having been placed for service in the hands of the plaintiff as a deputy sheriff, within thirty days after the judgment was rendered, fixed his liability, for not retaining the property, which he had returned as attached upon the writ.

A demand made by the plaintiff upon the defendant had no connection whatever with his official duty in the execution of the precept. The failure of the defendant to deliver the property upon a demand, was no excuse to the officer for his omission to retain it, and had no effect whatever to modi-

Bicknell *v.* Hill.

fy his liability or to qualify the relations between the plaintiff
and the creditor, before existing. And the certificate made up-
on the execution cannot be regarded a part of the regular dis-
charge of his official duty. If instead of the receipt for the
property attached, the defendant in consideration of the surren-
der thereof, had negotiated a promissory note against a third
person, payable on demand after a certain specified time, for his
indemnity, it could not be contended with propriety, that the
certificate of the plaintiff, as deputy sheriff, upon the execu-
tion, would be evidence, that the demand had been made ac-
cording to the tenor of the note, more than if it had been
made upon any other paper. The case before us, and the
one supposed, are not essentially unlike in principle.

The cases cited for the plaintiff are not applicable to the
case at bar. In them, the facts certified in the return were
official acts, were *prima facie* evidence of their truth, and
constituted a part of the return. The case of *Rex* v. *Elk-
ins,* 4 Burrow, 2129, was where a rescue was returned by the
officer. In the case of *Gifford* v. *Woodgate & al.* 11 East,
297, the facts stated in the return of the officer had relation
to his duty as an officer, and if true, were an excuse for the
unusual course pursued by him. In *Kendall* v. *White & al.
Exr's,* 13 Maine, 245, an attachment had been made by an
officer on the original writ, and the execution recovered was
put into the hands of another officer, within thirty days after
the judgment was rendered, and it became necessary in order
to make the attachment available, or to make the officer liable
absolutely, that a demand should be made upon him for the
property returned. It was clearly, as decided, an official act
to make the demand by the second officer, and the return
thereof was *prima facie* evidence.

Was a demand of the vessel necessary before the com-
mencement of this suit? So far as it would be the means of
obtaining the vessel, it must be regarded as unavailing. She
had been gone for more than six months, and there is no evi-
dence that she could be surrendered in season to meet the
wants of the creditor, or the officer upon the execution. But

by the terms of the receipt, in the case of a failure to deliver the property, *when demanded*, the defendant was to indemnify and save harmless the plaintiff, from all damage, loss, trouble and expense, that might in any way accrue to him on account of such failure to deliver. The demand was made a condition precedent. It was to be made to entitle the plaintiff to the indemnity. And it was not a void ceremony. The defendant would not be liable, unless the execution was put into the hands of an officer within thirty days ; and the plaintiff would of course know that fact, if it was delivered to him, as it was; and if put into the hands of another officer, the plaintiff and the defendant would be no longer liable, unless the demand was made upon the officer, within the thirty days. The defendant was not expected to know, at what time the judgment would be rendered or the execution committed to an officer for service, nor the amount of the judgment, or the sum necessary for the officer's indemnity. He was entitled to the demand that he might make payment of the sum necessary to indemnify the plaintiff. There being no legal proof of this, before the commencement of the action, it could not be sustained under the evidence presented at the trial.

*Exceptions overruled.*
*Nonsuit confirmed.*