SAMUEL H. BLAKE *versus* PETER DENNETT.

By the rules of pleading, in a real action the defendant admits himself to be in possession of all the land demanded, if he files no disclaimer of the whole or of any part of it.

The statute of 1849, c. 105, provides that the certificate of the register of deeds shall be *prima facie* evidence of a public notice, by a mortgagee, of his claim to foreclose a mortgage, published "in a public '*newspaper* printed *in* the county where the premises are situated;'" but a certificate of the register, that a (recorded) notice "was copied from the Bangor Journal, vol. 1," &c., does not inform the Court, judicially, that the Journal "was a *newspaper* printed in the county," &c., and, without other evidence, there is no sufficient proof of notice.

REPORTED from *Nisi Prius*, by CUTTING, J.

WRIT OF ENTRY.

*Blake & Garnsey*, for the demandant.

*Rowe & N. Wilson*, for the tenant.

The facts necessary to an understanding of the case, are contained in the opinion of the Court, which was drawn up by

CUTTING, J.—This is a real action to recover possession of certain premises, described in the demandant's declaration, situated in Bangor, in the county of Penobscot. Plea, the general issue, with certain specifications of defence, but with no disclaimer of the demanded premises, or of any part thereof; consequently, by the rules of pleading, the tenant admits himself to be in possession of all the land embraced in the declaration, and the first question presented is, which of the parties has the superior and better title. The demandant introduced a deed to himself from one Levi Dennett, of May 7th, 1853, and recorded the same day, conveying the demanded premises to secure a note of the same date, for four hundred and forty-eight dollars, payable in one year. And the tenant, a deed from the same grantor to himself, dated Nov. 29th, 1853, but, whether of the same premises, it might have been questionable, had the pleadings been so framed as to have presented such an issue. The demandant's therefore, being the elder, should be considered the better title, and he should have judgment for his possession.

But the next and more important inquiry is, whether the judgment should be absolute or conditional, and this depends upon the legality of his foreclosure. The demandant attempted to foreclose under R. S. of 1841, c. 125, § 5, which provides that "he may give public notice in the newspaper, printed in the county where the premises are situated," &c. And, by statute of 1849, c. 105, the certificate of the register of deeds shall be *prima facie* evidence of such notice. The certificate of the register, which is referred to

as a part of the case, is as follows, viz. : — " The foregoing notice is copied from the Bangor Journal, vol. 1, No. 26, dated February 22d, 1855, which notice was also published in the two preceding papers, being Numbers 24 and 25, vol. 1, and dated February 8th and 15th, 1855. Received February 24th, 1855. Entered and compared by Jefferson Chamberlain, Register."

At the argument, in addition to the point raised as to " describing the premises intelligibly" in the notice, concerning which we express no opinion, it was argued by the tenant's counsel, that there was no evidence that the Bangor Journal was " a newspaper printed in the county. where the premises are situated." The burden was on the demandant to show a strict compliance with the provisions of the statute, and, although, after the point was raised, he could have introduced to the Court, at the hearing, "newspapers containing notices," as the report shows, if he had wished ; yet none such were introduced, and consequently are not now before us.

The question then returns, the solution of which depends solely upon the certificates of the register, who does not say, as he was authorized to do, if such was the fact, that the Bangor Journal was a newspaper printed in the county, and, are the Court from such certificate, judicially informed that such was the fact? By reference to lexicography, we find the first and most prominent definition of the word journal to be, " a record or an account of daily transactions ; a daily register ; a diary." The Bangor Journal might then be the diary of the proceedings of the city government, and if published weekly, it could not be said to be a newspaper conveying information to the remotest parts of the State, or Union, but would be local in character. and intended only for such persons as would be interested in municipal affairs. And, again, assume that the Bangor Journal be a newspaper, what evidence have the Court that it was "printed in the county" where the premises were situated?" It may have been published as a newspaper, and still printed in another

*county.* The demandant having failed to show a statute
foreclosure, his judgment must be conditional.

*Conditional judgment for the demandant.*

TENNEY, C. J., RICE, APPLETON, MAY and KENT, JJ.
concurred.