## COMMONWEALTH *vs.* JAMES CAVEY.

If, in copies transmitted to the superior court under the Gen. Sts. *c.* 173, § 3, on an appeal from the judgment of a police court upon a criminal complaint, the copy of the record of proceedings including the conviction recites that the defendant was convicted on June 24, upon a certain complaint, without specifying the date thereof or the magistrate to whom it was addressed, but corresponding in all other essential particulars with a complaint dated June 17, and addressed to the same police court, a copy of which is also transmitted; and if it appears by the other copies that the defendant was arraigned in the police court on June 17 upon the complaint of that date, and the case was then continued until June 24; it sufficiently appears that the complaint described in the copy of the conviction is identical with that on which the continuance was had, although the copy of the latter is transmitted on a separate sheet of paper unattached to the copy of the conviction.

If a record sets forth that C. was brought before the court on a warrant duly issued upon a certain complaint, and that "said complaint being read and heard by C. is thereupon asked by the court whether he is guilty or not guilty, to which he pleads that he is not guilty," it sufficiently appears that C. was the person who was asked, and who pleaded not guilty.

The annexation of a seal is unnecessary to copies of papers transmitted under the Gen. Sts. *c.* 173, § 3, on appeal from a police court to the superior court, although the police court has a clerk and a seal.

COMPLAINT for being a common seller of intoxicating liquor.

At the trial in the superior court, before *Morton*, J., on appeal from the police court of Fall River, the defendant moved to dismiss the complaint for the following among other reasons:

1. That, in the copies of the conviction and other proceedings transmitted from the police court, the copy of the conviction did not show with certainty that the conviction was had upon the complaint of which a copy was transmitted.

2. That it did not sufficiently appear by the copy of the record of proceedings that the defendant was asked to plead or did plead guilty or not guilty.

3. That the copies were not under the seal of the police court.

The copy of the record of proceedings, including the conviction, was on a separate sheet of paper, unattached to the sheet of paper which contained the copy of the complaint, warrant and officer's return; and it certified that on June 24 James Cavey was brought before the police court on "a warrant duly issued upon the complaint of A. Winslow of said Fall River, city

marshal, wherein said Winslow on oath complains and says, that said James Cavey, on the first day of April, in the year eighteen hundred and sixty-seven, at said Fall River, and from that day to the day of exhibiting this complaint, was a common seller of intoxicating liquors," &c., and it further certified that he was convicted on this complaint; but the date of the complaint was not set forth, nor to whom the complaint was addressed. The copy of a complaint contained on the other sheet of paper, corresponded with all the details of this description, and was dated June 17, and addressed to the police court of Fall River; and, by a copy of an imperfect record indorsed on the back of the copy of the warrant, both of them being on the same sheet of paper with this copy of a complaint, it was certified that the defendant was brought into court and arraigned on June 17, and that the case was then continued until June 24.

The copy of the record, including the conviction, set forth that " said complaint being read and heard by said James Cavey is thereupon asked by the court whether he is guilty or not guilty ; to which he pleads that he is not guilty."

None of the copies transmitted were authenticated otherwise than by the signature of the clerk of the police court.

The judge overruled the defendant's motion. The jury returned a verdict of guilty ; and the defendant alleged exceptions. Other reasons were alleged in the motion, but the foregoing were all that were insisted on at the argument in this court.

*J. Brown,* for the defendant. 1. The copy of the conviction shows that the defendant was brought before the police court June 24, on some complaint which might have been dated any day between June 17 and June 24, and have been made to some other magistrate than the justice of the police court. It does not sufficiently appear that the complaint to that justice, dated June 17, of which a copy was transmitted on a separate piece of paper, was identical with the complaint on which the defendant was convicted.

2. It does not appear who was asked whether he was guilty or not guilty, or who pleaded not guilty.

3. The decision in *Commonwealth* v. *Downing,* 4 Gray, 29

Commonwealth *v.* Andrews.

that copies of papers on appeal from justices of the peace need not be under seal, does not apply to this police court, which was a court of record, having a clerk and seal. Its processes must be under seal. Gen. Sts. *c.* 116, § 26. *Gladhill, petitioner,* 8 Met. 168. *Bannegan* v. *Murphy,* 13 Met. 251. Copies of its records should require like authentication. 1 Greenl. Ev. §§ 501, 513, notes. *Ladd* v. *Blunt,* 4 Mass. 402. *Commonwealth* v. *Phillips,* 11 Pick. 28. *Commonwealth* v. *Doty,* 2 Met. 18. *Commonwealth* v. *Burns,* 8 Gray, 482. On issue joined, would a copy of one of its judgments be admissible as evidence, if unauthenticated by seal?

*C. Allen,* Attorney General, for the Commonwealth, cited *Commonwealth* v. *Certain Intoxicating Liquors,* 4 Allen, 593, 599; *Commonwealth* v. *Downing,* 4 Gray, 29.

By the Court. The copies sent up from the police court of Fall River manifestly relate to one and the same case, and although not fastened together contain satisfactory internal evidence that they are transcripts of the record of the proceedings against the defendant in this case before the court below. We see no irregularity whatever on the face of the papers which in any degree tends to show that the doings there were defective or informal.

The copies are duly authenticated. Under our practice the annexation of a seal has never been deemed necessary to the due exemplification of papers in cases coming by appeal from police courts or magistrates. *Commonwealth* v. *Downing,* 4 Gray, 29. *Exceptions overruled.*