## COMMONWEALTH *vs.* PATRICK BARRY.

Middlesex.    March 31. — June 18, 1874.    AMES & DEVENS, JJ., absent.

Where the contents of several writings taken together form the record sent up on appeal from a police court to the Superior Court, a certificate affixed to the end of such record is a sufficient certificate of each of the writings contained therein.

The signature of the clerk of a police court, followed by the word "clerk," is a sufficient attestation of a record sent up on appeal to the Superior Court.

Where a bill of exceptions to a ruling under which the defendant was convicted of keeping intoxicating liquors with intent to sell the same, states that the liquors were kept by the defendant's wife, who did business on her own account, having filed a proper certificate and taken out a United States license as a retail liquor dealer, and that he lived in the house with her and does not state that she kept said liquors in a tenement apart from her husband's house, it will be assumed that she kept them in such house.

If a married woman keeps in the house of her husband intoxicating liquors with intent to sell the same in violation of law, the husband will be liable for such illegal keeping, if he have knowledge of the fact and of her intent, and does not use reasonable means to prevent her carrying out such intent, notwithstanding she is doing business on her own account, having filed a certificate under the St. of 1862, *c.* 198, and has a United States license as a retail liquor dealer.

COMPLAINT to the Somerville Police Court for keeping intoxicating liquors with intent to sell the same in violation of law.

At the trial in the Superior Court, on appeal, before *Bacon*, J., the defendant was found guilty, and a bill of exceptions, in substance as follows, was allowed :

The defendant before trial filed a motion to quash the complaint, on the ground that there was no duly certified and proper copy of the record of the Police Court in and before the court. The record sent up with the case on appeal consisted of copies of the complaint, warrant, and of the record of the Police Court; at the end of the record was annexed the following certificate : "A true

copy of Record — Attest, my hand and the seal of said Police Court. Lebbeus Stetson, Clerk." The motion was overruled.

Evidence was offered in behalf of the defendant tending to show that his wife carried on the business of a retail liquor dealer at the time the defendant was charged with the offence in question and at the place in which he was alleged to have kept the said liquor with intent to sell. A married woman's certificate under the St. of 1862, c. 198, showing that the wife proposed to carry on business on her own account at the place in question appeared to have been duly filed some months before the date of the alleged offence, and it appeared that she had had a United States license as a retail liquor dealer for some months previously in her name. There was no evidence offered except the fact that the defendant lived in the same house with his wife tending to show that he knew of any sales, or authorized any sales, of liquor or that he had any control over the liquor in question, but the court ruled that the defendant was liable to be convicted if the jury found that the wife kept the liquor in the presence of the husband with intent to sell the same, and that the husband had knowledge of that fact and of her intent, and did not use reasonable means to prevent her. The defendant testified that he forbade his wife and that he never saw her make any sales. To the above rulings the defendant alleged exceptions.

*C. S. Lincoln,* for the defendant.

*W. G. Colburn,* Assistant Attorney General, (*C. R. Train,* Attorney General, with him,) for the Commonwealth.

Morton, J. The motion to quash was properly overruled. The ground in support of it which the defendant now insists upon, that "neither the complaint nor warrant is duly certified and attested," cannot be sustained. The attestation by the clerk of the Police Court, at the end of the record, is a sufficient attestation of all the proceedings. *Commonwealth* v. *Ford,* 14 Gray, 399. *Commonwealth* v. *Cavey,* 97 Mass. 541. The objection that the recognizance taken in the Police Court was not transmitted to the clerk of the Superior Court does not appear to be sustained by the facts. The bill of exceptions does not show that it was not duly transmitted. But if it was not, it is difficult to see how this would affect the jurisdiction of the Superior Court.

The only remaining question is as to the ruling of the presiding judge that " the defendant was liable to be convicted if the jury found the wife kept the liquor in the presence of the husband with intent to sell the same and the husband had knowledge of that fact and of her intent and did not use reasonable means to prevent her." The evidence on behalf of the government is not reported, and therefore the bill of exceptions does not fully show the state of facts proved at the trial to which the instruction was applicable. It does not show, by any direct statement, whether the place where the liquors were kept for sale was the house of the defendant or some other tenement. But the burden is upon the excepting party to present all the facts which support his exceptions, and we cannot assume that the place was a tenement separate and distinct from the defendant's house, in the absence of any statement in the bill of exceptions from which that fact can fairly be inferred. On the contrary we must assume that the instructions were given in view of the fact that the place where the wife of the defendant carried on the business of a retail liquor dealer was the house of the defendant.

Upon this aspect of the case we are of opinion that the instructions were correct.

The statutes which give to a married woman the right to carry on any trade or business on her sole and separate account, do not deprive a husband of his common law right to regulate and control his own household. He has the power to prevent his wife from using his house for an illegal business or purpose. If he permits her to use it for the illegal business of keeping intoxicating liquors for the purpose of sale, he becomes a participator in the misdemeanor, and is liable to an indictment or complaint for it. And the fact that she was carrying on the business on her own account, and has filed a certificate to that effect under the statute, does not release him from this liability. *Commonwealth* v. *Wood*, 97 Mass. 225.                    *Exceptions overruled.*