COMMONWEALTH *vs.* JAMES MUNN.

Middlesex.    February 1, 1892. — February 25, 1892.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Motion in Arrest of Judgment — Copy of Proceedings.*

Where a complaint and warrant were certified by a trial justice to be true copies, and a copy of the rest of the proceedings was certified by him to be a true copy of the record, the copy of the record of the judgment not being certified to separately, they were *held* to be sufficient; and it was further *held* to be immaterial whether the copy of the proceedings was upon one paper or upon separate pieces of paper, or whether the complaint and warrant were upon one paper and the copy of the rest of the proceedings upon another, it appearing that all related to one and the same case.

COMPLAINT, addressed to a trial justice, alleging that the defendant did keep and maintain a certain tenement used for the illegal sale and keeping for sale of intoxicating liquors.

The defendant, being convicted before the trial justice, appealed to the Superior Court. The complaint and warrant filed in that court were certified by the justice to be true copies, and the copy of the rest of the proceedings was certified by him to be a true copy of the record; the copy of the record of the judgment not being certified to separately.

The defendant after verdict and before judgment moved in arrest of judgment for the reasons: " First, because the complaint returned to this court is not duly certified nor attested as a copy, as required by statute. Second, because there is no copy of any legal conviction, or copy of any conviction, transmitted

to this court on appeal, as required by statute." The motion was overruled, and the defendant appealed.

*D. D. Corcoran,* for the defendant.

*G. C. Travis,* First Assistant Attorney General, for the Commonwealth.

MORTON, J. It does not appear from the record whether the copy of the proceedings before the trial justice on which the defendant was tried in the Superior Court was upon one paper or upon separate pieces of paper. If it was upon one paper, the attestation at the end was clearly sufficient, and would apply to the entire record preceding it. *Commonwealth* v. *Hogan,* 11 Gray, 313. *Commonwealth* v. *Ford,* 14 Gray, 399. *Commonwealth* v. *Barry,* 115 Mass. 146. *Commonwealth* v. *Wait,* 131 Mass. 417. If the copy of the complaint and that of the warrant were upon one paper, and the copy of the rest of the proceedings was upon another, which is the most that the defendant could fairly claim, that will not avail him. The copies manifestly related to one and the same case, and together satisfactorily showed that they were transcripts of the proceedings before the trial justice. The complaint and warrant were certified by the justice to be true copies, and the copy of the rest of the proceedings was certified by him to be a true copy of the record. The whole of the copy of the record was therefore certified to. It was not necessary to certify separately to the copy of the record of the judgment. *Commonwealth* v. *Wait, ubi supra.*

*Judgment affirmed.*