BELLE P. REMICK *vs.* GEORGE H. WENTWORTH.

York.    Opinion December 18, 1896.

*Officer.   False Return.   Attachment.*

The false return of a levy or sale upon execution by an officer makes him liable to an attaching creditor who has thereby lost his attachment.

ON EXCEPTIONS BY PLAINTIFF.

This was an action on the case against an officer for making a false return. The case was heard in the court below upon a demurrer to the declaration and which was sustained. To this ruling the plaintiff excepted.

The case appears in the opinion.

*Geo. F. and Leroy Haley*, for plaintiff.

*B. F. Hamilton, B. F. Cleaves and M. A. Drew*, for defendant.

SITTING: PETERS, C. J., WALTON, HASKELL, WHITEHOUSE, STROUT, JJ.

HASKELL, J. This is an action on the case against an officer for false return. The declaration, stripped of verbiage, states that the plaintiff had a valid attachment on certain land June 11, 1894; that defendant thereafterwards, while such attachment was in full force, falsely returned upon an execution in favor of a stranger, but against the same debtor, a seizure and regular sale of the debtor's interest in the same land, under a prior attachment of February 20, 1893, whereby the plaintiff lost his attachment and the satisfaction of his debt.

The plaintiff has stated a cause of action. If the officer falsely returned a levy upon the land under an attachment prior to the plaintiff's, and thereby defeated her attachment, she certainly should have damages suffered by the effect of the false return.

The general rule is that an officer's return is conclusive on the parties and their privies. *True* v. *Emery*, 67 Maine, 28, and cases cited. One exception is, that the return of an attachment in the registry of deeds may be used to contradict the return of the same officer on the writ, because the return in the registry is a primary act of the officer, an original record, that should control the certificate of the officer, as to itself, made on the writ. It is not a contradiction of the officer's return by parol evidence. *Dutton* v. *Simmons*, 65 Maine, 583.

Here the officer is charged with falsely returning that he had given statute notices of sale on execution, thereby passing title to the land levied upon from the debtor, and his return is conclusive evidence that he did so. *True* v. *Emery*, supra, is directly in point. So is *Whitaker* v. *Sumner*, 7 Pick. 551; and *Sykes* v. *Keating*, 118 Mass. 517.

It follows, therefore, that, if the plaintiff cannot contradict the officer's return in an action to establish her title to the land, she would be remediless, unless she may have her remedy against the officer whose falsehood caused the mischief.

*Exceptions sustained.*