## COMMONWEALTH *vs.* JAMES F. QUIGLEY & others.

Suffolk.   November 22, 1897. — November 24, 1897.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Admission of Copy of Record of Trial and Conviction of Witness.*

A certain paper, which was offered in evidence as a copy of the record of the trial and conviction of a witness for a crime under the Pub. Sts. c. 169, § 19, was not under the seal of the court, did not state that it was the record of the court although it could not be otherwise interpreted, nor did it state that the clerk or the assistant clerk was the clerk or the assistant clerk of the court referred to, and was twice attested, once by H. as clerk, and again by him as assistant clerk, he being the assistant clerk and not the clerk of the court. *Held,* that the paper was not so informal that the justice of the court below could be said to have erred in admitting it in evidence.

INDICTMENT, for an assault with intent to kill. At the trial in the Superior Court, before *Dewey,* J., the defendant James F. Quigley having testified in his own behalf, the District Attorney, to affect his credibility under the Pub. Sts. c. 169, § 19, offered a certain paper, the nature of which appears in the opinion. The judge admitted the paper in evidence; and the defendant Quigley alleged exceptions.

*L. M. Child,* for Quigley.

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth.

LATHROP, J.   The only exception in this case is to the admission in evidence of a certain paper as a copy of the record of the trial and conviction of the defendant Quigley in the Superior Court for the county of Worcester in the year 1891.

By the Pub. Sts. c. 169, § 19, it is provided, " The conviction of a witness of a crime may be shown, to affect his credibility "; and it was for this purpose that the paper was offered and admitted. The objections made to it are that there is no seal of court upon it; that there is no statement that it is a copy of the record; that there is no statement that the clerk or assistant clerk was the clerk of the court referred to in the body of the document; and that there is no proper certificate.

While more care might and should have been observed in preparing what was evidently intended as a copy of a record, we are of opinion that the paper is not so informal that the justice of the court below can be said to have erred in admitting it in evidence. A record need not be under the seal of the court. *Chamberlin* v. *Ball*, 15 Gray, 352. While it is customary to head such a paper with the word " record," or to set out in more formal language that it is the record of the court in a particular case, yet this cannot be said to be essential where, as here, the paper cannot be otherwise interpreted. Nor is it necessary to state that the clerk or the assistant clerk is the clerk or the assistant clerk of the court referred to.

The remaining question is whether the paper was properly authenticated. The paper appears to be twice attested, once by Mr. Harlow, as clerk, and again by him as assistant clerk. Mr. Harlow was not the clerk of the court, but was the assistant clerk. We are of opinion that the words " Attest: William T. Harlow, Clerk," may be disregarded as surplusage, and that the words " A copy, Attest: William T. Harlow, Assistant Clerk," are sufficient. If the words had been " Record, Attest," before the name of the assistant clerk and the designation of his office, the case would fall within the case of *Fogarty* v. *Connell*, 153 Mass. 369, 371. So, if the words had been " A true copy, Attest," the case would be governed by *Commonwealth* v. *Ford*, 14 Gray, 399 ; *Commonwealth* v. *Wait*, 131 Mass. 417 ; and *Commonwealth* v. *Munn*, 156 Mass. 51. The case at bar differs from these last cited in this respect in omitting the word " true," but a copy of a record authenticated by one who has the authority to do so must be taken as a true copy, for it cannot be a copy if it is false.

*Exceptions overruled.*