CAMDEN AUTO COMPANY *vs.* F. E. MANSFIELD, Adm'r.

Knox.    Opinion April 7, 1921.

*Service of a writ upon the resident agent of a foreign administrator, by leaving a summons at the office of such agent, an attorney, is not a valid service.*

Valid service of a writ upon the resident agent of a foreign administrator may be made by leaving a summons at his "dwelling house or last and usual place of abode."

An attorney's office is not his last and usual place of abode within the meaning of the statute.

On motion to dismiss and exceptions.   This is an action of assumpsit against the non-resident administrator of a Maine estate.   At the return term a motion to dismiss was filed by defendant for want of sufficient service.   At the following term the court allowed the return of service to be amended, and then overruled the motion to dismiss, and defendant excepted.   Exceptions sustained.   Writ dismissed.

Case stated in the opinion.

*J. H. Montgomery,* for plaintiff.

*Reuel Robinson,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J.   Action of assumpsit against the non-resident administrator of a Maine estate.   At the return term the defendant's attorney appeared specially and filed a motion to dismiss because of insufficient service.   At the next term the officer was allowed to amend his return and the court then overruled the motion to dismiss.   On exceptions to the overruling of this motion the case is before the Law Court.

The amended return is as follows:

"Knox ss.   By virtue of this writ, on the 18th day of March 1920, I attached a chip as the property of the within defendant adm'r and

on the same day I summoned the defendant, by leaving at the last and usual place of abode in Camden, County of Knox and State of Maine (his office) of Reuel Robinson his agent in this State, appointed by him under R. S., Chap. 68, Sec. 44, a summons for his appearance at court.

(Signed) J. Crosby Hobbs, Sheriff."

Two objections are raised against the validity of this service, first that personal service alone and not substituted service by leaving at the last and usual abode can be made upon the agent or attorney of a non-resident executor or administrator, under the provisions of R. S., Chap. 68, Sec. 44, as amended by Public Laws 1917, Chap. 133, Sec. 3. An examination of the history of this statute leads to the conclusion that this point is not well taken.

The first statute providing for the appointment of and service upon an agent of a non-resident executor or administrator was passed in 1872, and was in these words: "Executors or administrators residing out of the State at the time of giving notice of their appointment, shall appoint an agent or attorney in the State and insert his name and address in such notice. Demand or service on said agent or attorney, shall bind the principals and the estate in their case as if made on themselves." Public Laws 1872, Chapter 6.

There is no ambiguity in this act. The agent is a resident of Maine, and whatever constitutes a legal and valid service on him as a resident constitutes a legal and valid service upon him as agent and therefore upon his principal, the executor or administrator. Such service could be either personal, or made by leaving the summons at the last and usual place of abode, the same as in the case of any other resident. There is no distinction between the forms of service allowed to be made upon the resident who is acting as the agent of a foreign executor or administrator and those upon any other resident of Maine. This act was incorporated in R. S., 1883, Chap. 64, Sec. 41.

The same Legislature of 1872, a little later enacted Chapter 85 of Public Laws, 1872, amending among others, Sec. 12 of Chap. 87, and virtually repeating, perhaps through oversight of the like enactment earlier, Chapter 6 of Public Laws, 1872, as to appointment of agent or attorney and providing that "demand or service made on any such agent or attorney shall have the same effect in law as if made on such executors or administrators."

By Public Laws, 1883, Chapter 243, the following was also added to Chap. 87, Sec. 12: "When an executor or administrator residing out of the State has no agent or attorney in the State, demand or service may be made on one of his sureties with the same effect as if made on him." This last clause permitted the same form of service upon a resident surety, in case there was no resident agent, as upon any other resident of the State.

These two independent provisions duplicating the same subject in substantially the same words, appear in the Revision of 1883, as Chap. 64, Sec. 41, and Chap. 87, Sec. 12, and were re-enacted in the Revision of 1903 as Chap. 66, Sec. 43, and Chap. 89, Sec. 14.

When it came to the Revision of 1916, the Commissioner in his report, detecting the duplication, recommended the omission of the provision in Chap. 89, Sec. 14, and the amendment of Chap. 66, Sec. 43, by substituting for the words "demand or service made on such agent or attorney binds the principals and the estate in their case as if made on themselves" the following: "Such appointment shall be made by a writing filed and recorded in the registry of probate for the County in which the principal is appointed, and by such writing the subscriber shall agree that the service of any legal process against him as such executor or administrator, or that the service of any such process against him in his individual capacity in any action founded upon or arising out of any of his acts or omissions as such executor or administrator, shall if made on such agent, have like effect as if made on himself personally within the State, and such service shall have such effect." This recommendation was adopted, Public Laws, 1915, Chapter 42, and became R. S., 1916, Chap. 68, Sec. 44. It is evident that so far as concerns the manner and effect of service upon the agent, the language of the revision, though slightly different in form, is the equivalent in meaning of the preexisting statutes. There was no intention to change that part of the law and to confine service to personal service alone. It is a general rule of statutory construction that mere change of phraseology is not deemed a change of law unless such is the evident design. *Martin* v. *Bryant,* 108 Maine, 253; *Densmore* v. *Hall,* 109 Maine, 438.

The second objection raised by the defendant to the validity of the service is that the attempted substituted service was void because according to the officer's return the summons was left at the agent's office, which is not in law his "dwelling house or last and usual place of abode," as required by R. S., Chap. 86, Sec. 17.

The words of the return are "by leaving at the last and usual abode in Camden, County of Knox and State of Maine (his office) of Reuel Robinson his agent" etc.   If the words "his office" had been omitted, the return would on its face have been sufficient.   But the officer plainly declares that he left the summons at the agent's office, and the office or place of business of a defendant is not equivalent to his "last and usual place of abode."   "Abode" is defined as "place of abiding, dwelling, residence, home," Standard Dictionary, and "place of continuance or where one dwells; abiding place, residence, a dwelling, a habitation," Webster.   The essential idea is a place of dwelling, as distinguished from a place of business.   "The law proceeds upon the supposition that until a new domicile is established, a man will have at the domicile he has left 'some person enjoying his confidence, careful of his interests and charged with his concerns who will give him actual notice' of any civil process that may be left for him at such place.   *Ames* v. *Winsor*, 19 Pick., 248;" *Sanborn* v. *Stickney*, 69 Maine, 343.   In case of substituted service the statute must be strictly complied with, and if this service here is valid, then leaving a summons at the store of a merchant or the shop of an artisan or the school house of a teacher would be equally valid.   Such practice was not intended.   For instances of cases holding that leaving summons at a place of business under similar statutes is insufficient see 32 Cyc., Process, 464, Note 93; 21 R. C. L., 1281.

But the plaintiff contends that the officer in his return characterizes the office as the defendant's "last and usual place of abode," and that that is controlling and sufficient, relying upon a dictum in *Wilson* v. *Bucknam*, 71 Maine, 545.   There the officer posted a notice on a school house and described it as a "public place."   A school house falls within the category of a public place, so that the posting was legal as shown by the authorities cited in that case.   The remark that "the officer in his return states it to be a public place which is sufficient" if intended to mean that the characterization by the officer is conclusive, was not necessary to the decision and cannot be accepted at its full force.   The officer's return cannot give to a place any character that it does not itself possess.   It is for the court to say whether in a given case the statute has been complied with.   *Blaisdell* v. *York*, 110 Maine, 500, 515.

The entry must therefore be,

*Exceptions sustained.*