URBAN H. BEAUPRE *vs.* LOUIS H. SCHLOSBERG.

Androscoggin.    Opinion, January 3, 1933.

*Clifford & Clifford,* for plaintiff.
*Robinson & Richardson,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J.    This action of debt was referred under rule of court with the right reserved to both parties to except as to questions of law. It comes to this Court on exceptions to the acceptance of the report of the Referee.

The Agreed Statement of Facts upon which this case was submitted shows that a judgment debtor who was not a party to this

action, having been arrested on an execution in favor of the plaintiff, was released on giving a bond, signed by himself as principal and by the defendant as a surety. The bond was in statutory form and contained the usual condition that the obligation should be void if the debtor, within six months thereafter, cited the creditor before two justices of the peace, submitted himself to examination and obtained the oath prescribed in Revised Statutes, Chapter 124, Section 55.

Within the prescribed period, on application of the debtor, a magistrate issued a citation to the plaintiff as creditor, which was in due form and under seal. Service was by copy setting forth the full text of the citation, including the teste, "Given under my hand and seal at Portland in said County this twenty-sixth day of January, 1931." There was, however, no seal upon the copy served nor indication therein, outside the copy of the teste, that the original citation bore a seal.

The creditor not appearing in answer to the citation, a disinterested magistrate was chosen and the certificate shows that the debtor was duly examined and the oath administered. The plaintiff contends that the disclosure proceedings were void by reason of the lack of a reproduction of a seal on the copy of the citation and the defendant was not thereby released from the obligations of his suretyship. The Referee so ruled and found that the defendant was liable for the full amount of the execution.

It is well settled that a citation by a justice of the peace to a creditor in poor debtor proceedings must be issued under the hand and seal of the magistrate and substantially in the form prescribed by statute. R. S., Chap. 124, Sec. 51. Although "now affixed to legal instruments principally to furnish evidence of their authenticity," so long as a seal is required to be affixed, it can not be dispensed with. The citation is void if issued without a seal. *Miller* v. *Wiseman*, 125 Me., 4, 130 A., 504, 505.

We are of opinion, however, that a copy of the seal is not an essential part of the "attested copy" of the citation to be served upon the creditor as provided by R. S., Chap. 124, Sec. 52. The general and universal rule seems to be that the seal of an original process need not be reproduced in the copy for service. We find no mandate here, nor conflict in underlying statutes elsewhere, which

warrants the adoption of a different rule in poor debtor proceedings.

In *Sietman* v. *Goeckner*, 127 Ill. App., 67, a summons in due form and substance signed by the clerk of the court under the seal of the court was duly issued and an exact copy served on the defendant, except that there was no seal on the copy nor any marks or characters on it to denote that the original summons was in fact impressed with a seal, and the court said:

"Though the seal may be necessary to authenticate the writ itself, it is not a part of the writ, so as to make it necessary to set it forth in the copy served. *Clutterbuck* v. *Wildman*, Tyrwhitt's Reports, vol. 2, p. 277; Chitty's General Practice, vol. 3, p. 260; Anderson on Judicial Writs and Processes, pp. 69 and 179.*

"The seal, within the meaning of the statute here under consideration, is no part of the summons. Its office is to evidence the validity of the summons. The defendant can not take it for granted that the original summons is not properly sealed to give it validity, merely because the copy served takes no notice of it."

In *Herold* v. *Coates*, 88 Neb., 487, 129 N. W., 998, 999, under a statute requiring that "the service shall be by delivering a copy of the summons to the defendant personally," it was held:

"The copy delivered to defendant embodies the statutory contents of a summons and shows that the original was issued by the clerk of the District Court. It also contains the words, 'Witness my official signature and the seal of said Court,' It was a perfect copy except that the seal was not reproduced. To hold under such circumstances that the sheriff did not deliver a 'copy' of the summons to defendant would require a construction too narrow and technical. A copy of the seal is not an essential part of the copy contemplated by statute."

In *Elramy* v. *Abeyounis*, 189 N. C., 278, 126 S. E., 743, 744, it is observed:

"In this case, the original summons bore the proper seal and the copy purported to have been attested in like manner. The

copy included every material part of the original except the seal, the omission of which not affecting the substance of the writ, did not impair the efficacy of the service or in any way mislead or prejudice the defendant. In affixing the seal, the object is to evidence the authenticity of the summons, but the seal is not a part of the summons in the sense that its impress upon the copy is essential to the validity of the original."

Further approval of this general rule is found in the text and citations of 21 R. C. L., 1325; L. R. A. 1917, C 154; 50 C. J., 484. The case of *Com.* v. *Quigley*, 170 Mass., 14, 48 N. E., 782, relied upon as holding to the contrary, is not in point.

On the evidence, the plaintiff's judgment debtor having fully performed one of the alternative conditions of his bond, the obligation became void and his sureties were discharged. The ruling below was error.

*Exceptions sustained.*