### WEBER v. WEBER.

No. 4686.

District Court of Alaska. First Division. Juneau.

Feb. 28, 1942.

Mildred R. Hermann, of Juneau, for plaintiff.
M. G. Monagle, of Juneau, for defendant.

ALEXANDER, District Judge.

This matter is before the Court on the defendant's application for a modification of the decree and the plaintiff's

motion to quash the order to show cause on the grounds that the facts set up in the supporting affidavit by defendant herein do not constitute contempt.

Plaintiff's motion is urged as raising the question of the jurisdiction of the court to modify the decree herein, or to punish the plaintiff for contempt for non-compliance therewith if the decree is modified as prayed for, and the Court has considered it as such.

The facts in this case are, briefly, that on July 19, 1941, a decree of divorce was entered herein in favor of the plaintiff and awarding to the plaintiff the custody of the minor child, Howard Earl Weber, with the provision that defendant might visit said child at reasonable times.

The defendant sets up in her application for modification of the decree, that ever since the entry of the decree herein plaintiff has had the custody and control of said minor child, and that since the entry of said decree that the child has been sent by mutual consent of the parents, to Minnesota, where it is now residing with a brother of plaintiff. The defendant claims that she gave her consent to the taking of the child to Minnesota only on condition that it be returned to Alaska in 30 or 60 days.

▆▆ The law on this subject appears briefly to be as follows: "The power of the court to modify the decree (where the child has been removed from the state) is not affected by the removal of the child from the jurisdiction by the parent to whom he was awarded."

Such seems to be the general rule. 19 C.J. p. 350, § 809, and cases cited under note 35; 27 C.J.S., Divorce, § 317.

"The child whose custody is sought to be changed, is not a proper party to the proceeding." 19 C.J. 352; 27 C.J.S., Divorce § 317; Kenner v. Kenner, 139 Tenn. 211, 201 S.W. 779, L.R.A.1918E, 587.

If the child is not a "proper" party to the proceeding then it naturally follows that it is not a necessary party to

the proceeding, and the fact that it is living temporarily in another state would be immaterial in this case, except as hereinafter explained.

■■ The general rule is set out in 19 C.J. 366, § 831, under "Decree for Custody of Children." It is there stated: "It is the general rule that, as between the parents, parties to the litigation, the decree of a foreign court awarding the custody of a child is res adjudicata, subject, as between those parties, to modification only by the court that granted the decree, and should be given full force and effect by the courts of other states, even though it has been held so much of the decree as grants the divorce may be void, and the children may have been beyond the jurisdiction of the court at the time of the rendition thereof. But usually such decrees are necessarily provisional and temporary in character and are ordinarily not res adjudicata either in the same court or that of a foreign jurisdiction, except as to the facts before the court at the time of the decree. As to facts and conditions arising subsequently thereto, they have no controlling force, and in case of the removal of the child to another state, even within the custody of the parent to whom that custody has been awarded by the foreign decree, the courts of such state will have the power on a change of circumstances, showing such course essential to his best interests, to make a new disposition of the child."

Continuing, Corpus Juris says, at page 367:

"And a decree awarding the custody of a child to one of the parties, rendered when the child is in another state, does not preclude the courts of the latter state from determining the question of custody of the child, although the court rendering such decree retains jurisdiction for the purpose of making further orders."

"Where the court has jurisdiction of the parties and the subject matter, removal of the children of the parties from the state prior to the decree does not deprive the court of jurisdiction to fix the custody of such children. So where

the children are removed beyond the limits of the state after the decree has been rendered, it has been held that the subject matter remains within the jurisdiction of the court, so that its judgment in an application for modification, is valid and binding upon the parent to whom the custody has been decreed, and is enforceable in another state." See, also, 27 C.J.S., Divorce, § 329.

This seems to be the general rule. Only the State of Georgia holding to the contrary.

▉ The attorney for the defendant contends in his brief that this matter is controlled by Sections 3995 and 3996, C.L.A.1933.

Section 3995 provides:

"Whenever a marriage shall be declared void or dissolved the court shall have power to further decree as follows:

"First. For the future care and custody of the minor children of the marriage as it may deem just and proper, having due regard to the age and sex of such children and unless otherwise manifestly improper giving the preference to the party not in fault."

Section 3996 provides: "At any time after a judgment is given the court or judge thereof, upon the motion of either party, on notice shall have power to set aside, alter, or modify so much of the judgment as may provide &ast; &ast; &ast; for the care and custody of the minor children."

But all of this is predicated upon the court's jurisdiction of the parties and the subject matter, and has no application to the questions at issue.

The general law in this regard is stated by the attorney for the defendant on page 2 of his brief. But he does not state the qualifications of that law.

The attorney for the plaintiff, on the other hand, in her statement of the law, quotes part of the law and its qualifications, but neglects to quote the full text containing the law.

The text from which she quotes, when quoted in full, states the law to be as follows: "A Judgment of a court of one state awarding the custody of minor children in a divorce proceeding, is not res adjudicata in a proceeding before a court of another state, except as to facts and conditions before the court upon the rendition of the foreign decree. As to facts and conditions arising subsequent thereto, it has no controlling force and the courts of other states are not bound thereby. Nor is a decree of one state awarding the custody of a child binding upon the courts of another state, under the full faith and credit clause of the Federal Constitution, after the child has become domiciled in the latter state. Such a decree as to a child has no extra-territorial effect beyond the boundaries of the state where it is rendered, and the courts of the second state will not remand the child to the jurisdiction of another state, especially where it is against the true interests of the child. The reason for this rule is found in the fact that children are the wards of the court, and the right of the state rises superior to that of the parents. Therefore, when a child changes his domicile and becomes a citizen of a second state he is no longer subject to the control of the courts of the first state." 15 R.C.L. 940, 941.

We therefore have this situation: Here we have both of the parents resident in Alaska and subject to the jurisdiction of this court, and one asking for the modification of the original decree of this court awarding the custody of their child to the father. It, however, appears that since the rendition of that decree the child has been taken out of Alaska and is now living in Minnesota with the brother of the father of the child. In this situation this Court holds that it has the power to modify the decree as to the custody of the child in any way it sees fit, and might even punish the father for contempt for failure to obey its decree (although the Court is not passing on that question.) On the other hand the State of Minnesota is not bound to respect the decree of this court, and having jurisdiction

of the child, by reason of its domicile in Minnesota, is not bound by the decree of this court, and upon application could make such disposition as it sees fit, of the custody of the child.

██ This Court, however, being convinced that the child in question is in good hands and receiving good care and attention, and in a much safer location than it would be here, according to the weight of the testimony in this case, and having regard only to the best interests of the child,

It Is Ordered, that defendant's motion for modification of the decree herein, be, and the same is hereby denied, and the child, Howard Earl Weber, remain where he is during the present emergency, or pending the further order of this court.