Consequently, said demurrer should be overruled.

### CHAPMAN v. CHAPMAN.
### No. C-4418.

District Court of Alaska. Third Division. Anchorage.
April 24, 1947.

Hodge & Awes, of Cordova, for plaintiff.
No appearance for defendant.

DIMOND, District Judge.

This action was brought by the plaintiff seeking to have his marriage with the defendant declared void, upon the ground that the defendant's husband by a previous marriage, which had never been annulled, was living and undivorced from defendant at the time of the intermarriage of plaintiff and defendant. One child now of the approximate age of 26 months has been born to plaintiff and defendant. Plaintiff asks that the care and custody of that child be awarded to him.

The evidence fully sustains the averments of the complaint as to the former marriage of the defendant, a marriage which had not been annulled or dissolved prior to the intermarriage of plaintiff and defendant. And so the only debatable question is as to whether the plaintiff should be awarded the custody of the minor child of plaintiff and defendant.

From the proof it appears that the rupture between the plaintiff and defendant is final and irrevocable. No evidence was given to indicate that if the defendant were now free to marry, the plaintiff would even consider a re-marriage with her.

The defendant did not appear in the action. Testimony indicated that shortly after the separation between plaintiff and defendant, the defendant and the minor child left Alaska and proceeded to the State of Oregon; that the defendant was personally served with summons in the State of Oregon pursuant to an order directing service of summons by publication or personal service outside the Territory of Alaska, in harmony with our laws.

Neither the plaintiff's motion nor the supporting affidavit for an order directing service of summons by publication made any averment as to the then, or any, place of *residence* of the defendant. The order directing such service of summons by publication provided that a copy of the summons and of the complaint in the case be deposited at the Post

Office directed to the defendant at "her place of abode" in the State of Oregon, naming it.

But it is now insisted by counsel for the plaintiff, and sustained by a brief showing the results of studious thought, that the Court has jurisdiction in this action to award the custody of the minor child to the plaintiff, despite the fact that at all times since the commencement of the action the defendant and the minor child have been and now are outside the Territory of Alaska and, therefore, outside the Territorial jurisdiction of this court.

■■ Notwithstanding the suggestion made on behalf of plaintiff that the proof shows the residence of the defendant to be in the Territory of Alaska, at the trial of the case no conclusive testimony was offered, and probably none could have been given, that the defendant is not a resident or inhabitant of the Territory of Alaska or has her domicile therein. No statement was made, and no satisfactory proof was offered, to indicate that when she left Alaska with the minor child, the defendant intended to return to the Territory. Indeed, the most persuasive inference that may be drawn from the testimony is quite to the contrary, and that inference is, to some extent, supported by the use of the word "abode" in the order referred to, although that word has no fixed, definite, restricted legal meaning. In Sec. 3402 of C.L.A.1933, relative to service of summons, we find the phrase, "residence or usual place of abode", but there is nothing in that feature of the law to show explicitly the intention of the Legislature as to whether the "usual place of abode" of a person means something other than "domicile". Webster's International Dictionary indicates that the word "abode" may mean an abiding place; a dwelling; a habitation. It has been held that the word "abode" may mean domicile. Hanson v. Williams, 1930, 170 Ga. 779, 154 S.E. 240. L. J. Mueller Furnace Co. v. Dreibelbis, 1921, Mo.App., 229 S.W. 240. In construing a statute of Oregon it was held that the word "abode" signified "habitation, dwelling or place or residence". In re Barklow, D.C.

1922, 282 F. 892, 894. See also Camden Auto Co. v. Mansfield, 1921, 120 Me. 187, 113 A. 175. But whether or not the plaintiff himself has stated or even testified that the abode or residence or domicile of the defendant is in or out of the Territory of Alaska is not conclusive here. Neither assertion nor declaration of the plaintiff with respect to such a matter may irrevocably bind the Court.

It is urged, in substance, by counsel for the plaintiff: (1) That both the plaintiff and the defendant are indubitable residents and inhabitants of the Territory of Alaska and have their domiciles therein; (2) that the Court has jurisdiction of the "res", that is to say of the marriage status of plaintiff and defendant, acquired by the bringing of the suit and the service of summons made on the defendant, although made outside the Territory of Alaska; (3) that the domicile in Alaska of the father, the plaintiff in the action, is and must be also the domicile of the minor child under the circumstances of this case; and, therefore, (4) that the Court has complete authority and jurisdiction and power to award the custody of the minor child to the plaintiff. If each and all the premises are admitted, the conclusion is inescapable, but if any premise is based upon an inapplicable legal fiction, the syllogistic force of the argument is completely dissipated.

That an action for *divorce* is no longer conceded to be strictly a proceeding in rem has been declared by the highest judicial authority of the nation. Haddock v. Haddock, 1906, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann.Cas. 1; Williams v. State of North Carolina, 1942, 317 U.S. 287, 297, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273 and dissenting opinion of Mr. Justice Jackson at pages 316 et seq. of 317 U.S., at page 221 of 63 S.Ct. While this is an action to declare a marriage void, and not for a divorce, the authority of Haddock and Williams cases, supra, is fully applicable here.

It may not be admitted factually that the mother has her domicile in Alaska. She has never submitted to the

jurisdiction of this Court. At all times since the action was commenced the child has been outside of the territorial jurisdiction of this Court. The only "res" unquestionably within the jurisdiction of the Court is the marital status of the plaintiff. Hence, under the proof, it may not be rightly and unconditionally asserted that the residence or domicile of the child is necessarily the residence or domicile of the father, the plaintiff, in the Territory of Alaska, and from that conclude that the Court here has the authority to award the plaintiff the custody of the child.

We must remember that the plaintiff seeks to have the marriage annulled. If the averments of the plaintiff's complaint are true—and the Court has so found—the intermarriage of the plaintiff and defendant was null and void from the beginning. Under such circumstances it may be suggested that since the child is now in the actual custody of the mother, the defendant, outside of the Territory of Alaska, the residence or domicile of the child is that of the mother, rather than that of the father. Pierce v. Jeffries, 1927, 103 W.Va. 410, 137 S.E. 651, 51 A.L.R. 1502, Anno. 1507. And that domicile so far as shown, is not in Alaska.

Although the arguments of plaintiff's counsel have the support of judicial opinion, as illustrated in the case of Pieretti v. Pieretti, 1935, 176 A. 589, 13 N.J.Misc. 98, the weight of reason as well as of authority leads to the opposite conclusion. In such case, where the defendant has not been personally brought within the jurisdiction of the court by personal service of process within the Territory and has not submitted to the jurisdiction of the court by personal appearance in the action, and where both the defendant and minor child are beyond the territorial jurisdiction of the court, and where there is no sufficient proof, or its equivalent presumption, that either the defendant or the minor child actually has a permanent residence or domicile within the territorial jurisdiction of the court, the decision must be that the court is without authority to award the custody

of the minor child to the plaintiff. Payton v. Payton, 1924, 29 N.M. 618, 225 P. 576, holding that in such circumstances the only "res" within the jurisdiction of the court is the marital status of the plaintiff; Weber v. Redding, 1928, 200 Ind. 448, 163 N.E. 269; Boens v. Bennett, 1937, 20 Cal.App.2d 477, 67 P.2d 715; May v. May, 1931, 233 App.Div. 519, 253 N.Y.S. 606; Robinson v. Robinson, 1938, 254 App.Div. 696, 3 N.Y.S.2d 882; Burrowes v. Burrowes, 1936, 210 N.C. 788, 188 S.E. 648; Weber v. Weber, 1942, 10 Alaska 214; Pennoyer v. Neff, 1877, 95 U.S. 714, 24 L.Ed. 565.

Both plaintiff and defendant are bound by duty to support and care for their child, but if that duty is not voluntarily performed, its enforcement must be left to a court having jurisdiction.

The plaintiff may have a decree declaring the marriage void, but without awarding him the custody of the child.