Cassandra M. WINTER

v.

CASCO BANK AND TRUST COMPANY.

Supreme Judicial Court of Maine.

Jan. 26, 1979.

Patrick E. Joyce (orally), Livermore Falls, for plaintiff.

Thompson, Willard & McNaboe by Nicholas Bull (orally), Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

In this declaratory judgment action the Defendant, Casco Bank and Trust Company, appeals from an adverse judgment of the Superior Court in Franklin County entered on June 1, 1978, upon the Defendant's motion for summary judgment. In her complaint the Plaintiff, Cassandra M. Winter, sought a judgment declaring that two foreclosure notices which the Defendant had caused to be served upon her were not "attested copies," as required by 14 M.R.S.A. § 6203(2).[1] The presiding justice so held, and granted summary judgment in her behalf, notwithstanding that the Defendant Bank was the party who had moved for summary judgment.

We sustain the appeal.

The Defendant held two mortgages on the Plaintiff's real estate. Upon her default, the Defendant sought to foreclose those mortgages. Pursuant to the provisions of the statute cited, the Defendant Bank prepared two notices of foreclosure, and on each notice prepared a return of service which was couched in the following language:

I this day made service of the within Notice of Foreclosure upon Cassandra M. Winter, a/k/a Sandra M. Winter, by giving to her in hand a true and attested copy thereof.

---

1. 14 M.R.S.A. § 6203 (1964) provides in pertinent part:

If, after breach of the condition, the mortgagee or any person claiming under him is not desirous of taking and holding possession of the premises, he may proceed for the purpose of foreclosure in either of the following modes:

.    .    .    .    .

2. He may cause an attested copy of such notice to be served on the mortgagor or mortgagors, or in case of any recorded transfer or transfers of the mortgaged property since the giving of the mortgage, on the record holder or holders of the title of the mortgaged property at the time of the service of said notice, if he lives in the State, by the sheriff of the county where the mortgagor or the record holder of the title resides, or his deputy, by delivering it to him in hand or leaving it at his last and usual place of abode; and cause the original notice and the sheriff's return thereon to be recorded within 30 days after such service. In case different mortgagors or record holders reside in different counties, then service shall be made of such notice by any sheriff or his deputy upon the mortgagors or record holders residing in the same county as such sheriff or deputy. In all cases the certificate of the register of deeds is prima facie evidence of the fact of such entry, notice, publication of foreclosure and of the sheriff's return.

The two originals, together with a copy of each, were forwarded to a deputy sheriff who signed the returns on all four documents and, on February 8, 1977, delivered the copies in hand to the Plaintiff. The copies so delivered contained no evidence of the attestation which the statute mandated other than the word "attested" in the officer's return.

On February 16, 1977, the originals were duly recorded at the Franklin County Registry of Deeds. Almost a year went by before the Plaintiff on February 8, 1978, commenced this action, seeking a judgment that the document so served upon her was not an "attested copy" as required by 14 M.R.S.A. § 6203(2).

■ The requirement of attestation is clear and explicit. It cannot be judicially excised from this statute. *Cf. Beaupre v. Schlosberg*, 131 Me. 407, 408, 163 A. 653 (1933).

■ An attested copy is one which has been examined and compared with the original, with a certificate or memorandum of its correctness, signed by the person or persons who have examined it. *See Ex Parte Smith*, 33 Cal.2d 797, 205 P.2d 662, 665 (1949); *Lorch v. Page*, 97 Conn. 66, 115 A. 681, 683, 24 A.L.R. 1204 (1921); *Commonwealth v. Quigley*, 170 Mass. 14, 48 N.E. 782 (1897).

■ The word "attestation" implies both the mental act of observing and the mechanical act of certifying. *International Trust Co. v. Anthony*, 45 Colo. 474, 101 P. 781, 783 (1909); *Calkins v. Calkins*, 216 Ill. 458, 75 N.E. 182 (1905).

As the Connecticut court observed in a case arising under the provisions of that state's mechanic's lien law which required that notice of intention to claim a lien be served by an indifferent person by leaving with the owner "a true and attested" original notice of intention, "It is the act of signing under these circumstances rather than the addition of the word 'attested' that is important." *City Lumber Co. of Bridgeport, Inc. v. Borsuk*, 131 Conn. 640, 41 A.2d 775, 778 (1945).

■ In sum, to attest means more than to witness the accuracy of the copy; it means to certify to that accuracy.

Such is the meaning which we must give the statutory language which is of critical importance to the case at bar.

Even in this day when modern copying equipment can produce copies so speedily, the requirement of attestation still serves a useful purpose in assuring that the copy which comes out of the machine so quickly is complete, legible and unaltered.

The motion of the Defendant Bank for summary judgment in its favor was based solely upon the pleadings and documents appended to those pleadings; it contained the usual representation that there was no genuine issue as to any material fact. As a part of the pleadings the presiding justice had before him the documents which the Bank had caused to be served upon the Plaintiff. Neither party served and filed an affidavit.[2]

■ In their pleadings the parties had clearly joined issue on whether in fact attested copies had been served upon the Plaintiff. Notwithstanding the Defendant

---

2. The final sentence of 14 M.R.S.A. § 6203, making the certificate of the register of deeds prima facie evidence of the fact of the required notice, is unavailing here because the record contains no certificate by the register of deeds. All that appears of record is the impression of a rubber stamp, with the blanks thereon duly completed, indicating that each notice of foreclosure was seasonably received and recorded within thirty days after service. The register did not certify to notice nor to the sheriff's return. *See Blake v. Dennett*, 49 Me. 102, 104 (1861) for an example of such a certificate.

With no certificate before us we do not reach the question of whether there is sufficient rational connection between the basic fact (a certificate by the register of deeds) and the presumed fact (attestation by someone of the copies which were served and which, presumably, the register of deeds never saw) to satisfy the due process requirement of state and federal constitutions. *See* 10 J. Moore & H. Bendix, *Moore's Federal Practice* § 301.06 (1976).

Bank's assertion that, because on each document served the deputy sheriff had signed the return of service prepared for him those were attested copies within the meaning of the statute, a genuine issue remained as to whether in fact the deputy sheriff—or someone else—had both witnessed the accuracy of the copies and certified to that accuracy.[3]

With such a factual issue unresolved at the time of hearing upon this motion, the presiding justice correctly denied summary judgment in favor of the Defendant Bank. It was not, after all, a question as to which party would probably prevail before the fact-finder. It was a question of whether a genuine issue remained as to this material fact.

The presiding justice then undertook to invoke that part of M.R.Civ.P. 56(c) which provides, as the federal counterpart of that rule does not:

Summary judgment, when appropriate, may be rendered against the moving party.

Not in every case, however, may this provision be employed to avoid a plenary trial. Significantly, it is only for the purposes of his own motion that the moving party concedes the absence of a factual issue. *Perry v. Town of Friendship*, Me., 237 A.2d 405, 409 (1968); *Prepo Corp. v. Pressure Can Corp.*, 234 F.2d 700, 704 (7th Cir. 1956), *cert. den.*, 352 U.S. 892, 77 S.Ct. 132, 1 L.Ed.2d 87 (1956).

When, as here, the Defendant Bank moved for summary judgment upon a ground which fails (attestation as a matter of law), summary judgment is not to be rendered against the Defendant Bank while there is a factual issue remaining in the case. At no point in Superior Court did the Plaintiff represent that this case was without its factual issue.[4]

The fact that both parties may have been simultaneously arguing that there is no genuine issue of fact does not establish that a trial is unnecessary, thereby empowering the court to enter judgment as it sees fit. 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2720 (1973), citing, *inter alia*, *Colby v. Klune*, 178 F.2d 872, 873 (2d Cir. 1949).

Even where there are cross-motions for summary judgment, the making of such inherently contradictory claims does not constitute an agreement that if one is rejected, the other is necessarily justified. So long as a genuine issue of material fact exists, it must be disposed of by plenary trial and not by summary judgment. *Rains v. Cascade Industries, Inc.*, 402 F.2d 241, 245 (3d Cir. 1968).

Therefore, in this case, with the presence of a genuine issue as to whether someone has (a) witnessed the accuracy of the copies served upon the Plaintiff and (b) certified to that accuracy, it was error for the presid-

---

**3.** To a limited degree the return of a sheriff on a process has been deemed conclusive as to the facts recited therein. *Remick v. Wentworth*, 89 Me. 392, 393, 36 A. 622 (1896); *Dutton v. Simmons*, 65 Me. 583, 587 (1876). The rule has been held to apply only to those acts which are within his official duty. *Camden Auto Co. v. Mansfield*, 120 Me. 187, 190, 113 A. 175 (1921); *Bicknell v. Hill*, 33 Me. 297, 299 (1851); *Cannon v. Time, Inc.*, 115 F.2d 423, 426 (4th Cir. 1940). In the instant case it does not appear to have been the official duty of this deputy sheriff to attest the copies of the notices of foreclosure; any disinterested person could have made the attestation; the official duty of the deputy sheriff was only to make service upon the Plaintiff. 14 M.R.S.A. § 702 (1964). Accordingly, we do not reach the question of whether the old rule giving conclusive effect to his return has retained its vitality in Maine. 1 R. Field, V. McKusick & K. Wroth, *Maine Civil Practice* § 4.14 (1970); *Camden Auto Co. v. Mansfield*, 120 Me. 187, 190, 113 A. 175 (1921); Sunderland, *The Sheriff's Return*, 16 Colum.L. Rev. 281, 290 (1916).

**4.** Some six weeks after this appeal was taken the parties, purportedly acting under M.R. Civ.P. 74(d), agreed in writing that six "uncontroverted facts control the legal question raised by this Appeal." The record is silent as to any similar agreement by the parties in Superior Court or any stipulation by them there that all relevant facts had been presented to the presiding justice. As an appellate court we must take the case as it was postured in Superior Court and not as subsequently framed by the parties. It is not the purpose of Rule 74(d) to bring issues to this Court upon facts which were not established in the Superior Court.

ing justice to grant summary judgment against the moving party.

■ In order to effect a legal foreclosure all steps required by the statute must be strictly performed. *Stafford v. Morse,* 97 Me. 222, 223, 54 A. 397 (1902). It may be determined at trial whether the purported foreclosure by the Defendant Bank met that standard.

The entry will be:

Appeal sustained.

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

DELAHANTY, J., did not sit.